**Pattie R. TOWNE, Appellant,**

v.

**Minnie B. TOWNE, Appellee.**

**No. 2–85–145–CV.**

Court of Appeals of Texas,
Fort Worth.

April 30, 1986.

Gibson & Hotchkiss, Frank D. Trotter, Wichita Falls, for appellant.

Michael F. Payne, Wichita Falls, for appellee.

Before FENDER, C.J., and HOPKINS and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from the judgment of the trial court imposing a constructive trust for the benefit of appellee, Minnie Towne. The court, sitting without a jury, held that due to the fraudulent conduct of the deceased, Edwin Towne, the sum of $8,831.98 with interest should be awarded to appellee.

We affirm.

Prior to the death of Edwin Towne, the Veterans Administration issued to him one National Service Life Insurance policy identified as number RH1681 67 25. The Veterans Administration was to pay the proceeds of the above policy to the named beneficiary upon receipt of proof of death of its insured so long as the policy was in full force and effect. At the time of Edwin Towne's death, appellant was the named beneficiary of said policy.

On or about November 3, 1980, Edwin Towne was divorced from appellee, Minnie Towne, in the 89th District Court of Wichita County, Texas. During the marriage between Edwin and appellee, Edwin had named appellee as the primary beneficiary under that VA Government Life Insurance policy. Pursuant to an agreement incident to their divorce, it was agreed between Edwin and appellee that appellee should own that VA Life Insurance policy as part of the fair and just division of the property of the parties. However, on September 4, 1980, two months before he entered into the property settlement agreement, Edwin Towne had changed the designation of beneficiary from appellee to appellant. He did not disclose this fact to appellee or to the divorce court which approved the agreement incident to divorce. Edwin Towne died on December 27, 1982. The Veterans Administration paid the named beneficiary, appellant, $8,831.98 which was the face value of the VA Life Insurance policy less an outstanding loan.

In the judgment of the trial court it was decreed that:

In that Mr. Towne committed the fraudulent behavior described above prior the [sic] execution of the property settlement agreement with [appellee] and prior to the signing of the divorce decree by the Court and in that [appellee] has plead and proved fraud or breach of trust, it is the opinion of this Court that [appellee] should have and is given judgment in the face amount of the insurance policy, less any charges against said policy. . . .

Both parties agree that by virtue of this judgment, the trial court held that the legal title to the proceeds of the insurance vested in appellant, but that these proceeds were impressed with the constructive trust in favor of appellee resulting from the provisions of the divorce decree.

In her first point of error appellant contends that the trial court erred in entering its judgment in favor of appellee because the creation of a constructive trust was not the intent of Congress when Congress spoke "with force and clarity" in passing the Federal Statute, 38 U.S.C.S. sec. 3101. This statute, in relevant part, states that:

(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

Appellant contends that the property settlement agreement which purported to restrict the right of Edwin Towne to change

the name of the beneficiary at any time is void under 38 U.S.C.S. 3101. Appellant contends that the case of *Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981) supports their contention that Edwin Towne was entitled to change the beneficiary designation at any time. In *Ridgway*, the Supreme Court reversed the imposition of a constructive trust of the proceeds of a Serviceman's Group Life Insurance Policy by the Supreme Judicial Court of Maine. Richard Ridgway, a career sergeant in the U.S. army, obtained a divorce from his wife, April, and the Maine state court divorce judgment ordered the serviceman, among other things, to keep in force the insurance policies then outstanding for the benefit of the couple's three children. At the time, Richard's life was insured under a policy pursuant to the Serviceman's Group Life Insurance Act of 1965. Subsequently, Richard remarried and changed the policy beneficiary designation to direct that the proceeds be paid as specified "by law," which meant that under the act, they would be paid to his second wife as his widow. Following his death and after both wives had filed a claim for the proceeds, the first wife instituted a suit against the insurance company seeking, as legal representative of three minor children, both to enjoin the payment of the policy proceeds to the second wife and to obtain a declaratory judgment that those proceeds were payable to the children. The second wife joined the litigation and was aligned as the plaintiff asserting a claim to the proceeds and the first wife then filed a cross claim against the second wife, praying for the imposition of a constructive trust for the benefit of the children on any policy proceeds payable to the second wife. The first wife did not allege any fraud on the part of Richard. The trial court rejected the first wife's claim, believing that although the terms of the judgment of the divorce and the beneficiary designation were inconsistent, the imposition of a constructive trust would interfere with the operation of the Federal Act and that such disposition would run afoul of the supremacy clause of the U.S. Constitution.

On appeal, the Supreme Judicial Court of Maine vacated the dismissal of the first wife's cross claim and remanded the case with directions to enter an order naming the first wife as constructive trustee of the policy proceeds. On appeal, the U.S. Supreme Court reversed and held that a serviceman's beneficiary designation under a life insurance policy issued pursuant to the act prevailed over the constructive trust and that the imposition of a constructive trust was inconsistent with the provision of the act which states that the payments "should not be liable to attachment, levy, or seizure, by or under any legal or equitable process whatever, either before or after receipt of the beneficiary."

Although the insurance policy issued under *Ridgway* was pursuant to 38 U.S.C.S. sec. 765, and the policy issued in this case was issued under 38 U.S.C.S. 3101, the operative language pertaining to attachment is the same. Therefore, we find that the *Ridgway* case is on point.

In *Ridgway*, the U.S. Supreme Court discussed the doctrines of fraud and constructive trusts as follows:

> *Yiatchos v. Yiatchos*, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964), relied on by the respondents, but not cited by the Maine court, does not stand to the contrary. In *Yiatchos*, the Court considered a question left open in *Free v. Bland*, 369 U.S. [663], at 670–671, 82 S.Ct. [1089], at 1094 [8 L.Ed.2d 180 (1962)], namely, the "scope and application" of the doctrine of fraud as an exception "to the regulatory imperative." 376 U.S., at 307, 84 S.Ct., at 744. There, the decedent Yiatchos, a resident of a community property State, purchased United States Savings Bonds with community funds and had them issued in the name of the decedent but payable on his death to his brother. The state court held that this purchase "was in fraud of the rights" of the surviving wife, as "a void endeavor to divest the wife of any interest in her own property." *In re Yiatchos' Estate*, 60 Wash.2d 179, 181–182, 373 P.2d 125, 127 (1962). This Court agreed that the

bonds could "not be used as a device to deprive the widow of property rights which she enjoys under Washington law." 376 U.S., at 309, 84 S.Ct., at 745. But because the named beneficiary was entitled to the bonds "unless his deceased brother committed fraud or breach of trust tantamount to fraud" by wrongfully disposing of the wife's property, *ibid.*, the case was remanded to give the widow an opportunity to demonstrate that she had not consented to or ratified the purchase and registration of the bonds. The remand was also for the determination, under state law, whether the widow had an interest in the community's specific assets, or only a half interest in the estate generally.

Here, in contrast, Sergeant Ridgway's conduct did not amount to breach of trust or conversion of another's property. A careful reading of the complaint and the amended complaint, App. 11 and 24, in this case reveals no allegation of fraud or breach of trust. And we are not inclined to provide or infer such an allegation when a case comes to us, as this one does, with the record indicating nothing more than a breach of contract on the part of the deceased service member. Indeed, to say that this type of conduct constitutes constructive fraud would be to open the policy proceeds to a suit by any commercial creditor, a result that would render sec. 770(g) nugatory. As the trial court intimated, respondents may have a claim against the insured's estate for that breach; the record does not disclose whether a claim of that kind would be collectible.[8]

*See id.* 102 S.Ct. at 56–57.

Footnote 8, concerning the dissenting opinion of Justice Powell, reads as follows:

8. Justice POWELL looks to *Yiatchos v. Yiatchos*, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964), and *Free v. Bland*, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962), in concluding that "the principle of not allowing federal pre-emption to shield fraud or breach of trust" is applicable here. *Post*, at 59, n. 1. Those cases, however, were concerned with a particular type of fraudulent behavior: attempts "to divest the wife of any interest in *her own* property." *In re Yiatchos' Estate*, 60 Wash.2d 179, 181–182, 373 P.2d 125, 127 (1962) (emphasis added); see *Yiatchos*, 376 U.S., at 309, 84 S.Ct., at 745, which grew out of "fraud or a breach of trust tantamount thereto on the part of a husband while acting in his capacity as manager of the general community property." *Free v. Bland*, 369 U.S., at 670, 82 S.Ct., at 1094. In this case, by way of contrast, Sergeant Ridgway misdirected property over which he had exclusive control. In doing so, of course, he deprived the respondents of benefits to which they were entitled under state law. But that is precisely what transpired in *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950). Indeed, *Free* endorsed the *Wissner* holding, noting that "[t]here the Congress made clear its intent to allow a serviceman to select the beneficiary of his own government life insurance policy regardless of state law, even when it was likely that the husband intended to deprive his wife of a right to share in his life insurance proceeds, a right guaranteed by state law." 369 U.S., at 670, 82 S.Ct., at 1094. We are unable to distinguish the cases.

*See id.* 102 S.Ct. at 57.

We hold that in the case before us, we are concerned with the type of fraudulent behavior that the Supreme Court discussed in *Ridgway*. Here, Edwin attempted to divest appellee of her interest in her own property when he entered into the property settlement and lead the trial court and appellee to believe that appellee was the designated beneficiary of the National Service Life Insurance policy, when in fact he had changed the designation of beneficiary to his soon-to-be second wife, appellant. This divested appellee of her interest in her own property because, had Edwin revealed that he had already changed the designation of beneficiary on the life insurance policy, appellee could have demanded that other property be awarded to her in

the property settlement agreement. Edwin may have had the absolute right to change the designation of beneficiary but, he did not have the right to conceal the fact that he had already done so from the divorce court and from appellee. The Federal interest in allowing a soldier to choose his beneficiary was not meant to shield fraud. *Yiatchos v. Yiatchos,* 376 U.S. 306, 309, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964); *Free v. Bland,* 369 U.S. 663, 670, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962). Appellant's first point of error is overruled.

In any case, it is not disputed by appellant that Edwin had a duty to disclose this information to appellee. Nor does she deny that Edwin failed to disclose the information. Appellant does not challenge the trial court's finding of fraud on the part of Edwin in any way except in her second point of error which we will discuss infra.

■ Appellant contends that where the parties to a divorce action and property settlement are represented by adequate counsel, the wife's counsel is duty bound to make full and careful investigation of the matters to become incorporated in the property settlement agreement before approving the same on behalf of his client. She contends that appellee was charged with her attorney's actual and constructive knowledge that notwithstanding this agreement, Edwin Towne could lawfully change the beneficiary designation on the life insurance policy any number of times between the divorce and his death and such acts would provide no basis for her to assert a legal or equitable claim to the proceeds. The Court in *Bankston v. Bankston,* 251 S.W.2d 768 (Tex.Civ.App.—Dallas 1952, mand.overr.) said that:

If it appears that there were facts and circumstances present at the time the false representations were made sufficient to put the injured party upon his guard or to cast suspicion upon their truth, and he neglected to avail himself of the warning thus given, he will not afterwards be heard to complain, for the reason that his own conduct contributed to his injury. (Citations omitted).

*See id.* at 773. We find that whether appellee or her attorney knew of the Federal Act and its application is irrelevant to the issue of whether Edwin fraudulently failed to disclose the fact that appellee was not the named beneficiary on the VA policy in order to induce her to take the policy in lieu of other assets.

■ In her second point of error appellant contends that the trial court erred in entering its judgment in favor of appellee and creating a constructive trust in favor of appellee because there was no evidence and insufficient evidence to support the finding that Edwin Towne changed the beneficiary designation prior to entering into the property settlement agreement. However, it is clear that on September 4, 1980, two months before the property settlement agreement was entered into, Edwin Towne changed the name of the beneficiary from that of appellee to that of appellant. The record reveals the following cross examination of appellant, Pattie Towne:

Q. I'm sorry, September 4th of 1980, thank you. Did you know that on that date Mr. Edwin Towne made a designation of change of beneficiary to the United States Government with regard to the policy that's the subject of this suit, and he named you the beneficiary?

A. No, sir, on that date I did not.

Q. When did you first become aware of that?

A. I really don't know. I just don't remember.

Q. Is that the date though that the assignment was made?

A. That's what the papers say.

Q. And was that your testimony in the deposition in my office on February 20—

A. I believe it was.

Q. All right. You don't dispute that do you?

A. What?

Q. That you testified that your now deceased husband made you the beneficiary of this policy, the subject of this suit, on November 4—I'm sorry, on September the 4th of 1980?

A. I don't dispute saying that or what?

Q. That's right. You don't dispute saying that do you?

A. No.

Also, appellant's Motion for New Trial states that the change in the designation of beneficiary took place "some time prior" to the time the property settlement agreement was entered into.

Appellant's second point of error is overruled.

The judgment is affirmed.