**Joe Ray JEFFCOAT, Appellant,**

v.

**Edna Mae JEFFCOAT, Appellee.**

No. 09–93–220 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 22, 1994.

Decided Nov. 3, 1994.

Thomas D. Kanak, Houston, for appellant.

Jim Blair, The Woodlands, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

This appeal arises from a suit for partition of a retirement and pension plan initially owned by appellant, Joe Ray Jeffcoat. The appellee below alleged that the appellee and the appellant were married on October 6, 1956, and divorced on January 3, 1968. The appellee, Edna Mae Jeffcoat, sought a share—an equitable share—in the appellant's pension plan alleging that the said plan had not been addressed or dealt with in the divorce decree of January 3, 1968.

After a trial, a judgment was entered by the district judge and was signed on April 29, 1993. The judgment of the trial court awarded certain monetary damages to the appellee and ordered that appellant was to secure his debt to appellee by obtaining a decreasing term life insurance policy insuring the life of the appellant in the benefit amount of at least $13,689 payable to the appellee and that the said life insurance policy was to be maintained in full force and effect until the appellant's indebtedness to appellee had been paid in full.

At the time of the divorce the appellant owned and had interest in a retirement and pension plan with the City of Houston, Texas. It was alleged that the appellee had never received any money from the said retirement and pension plan nor were any of the funds and benefits from the retirement and pension plan ever divided or awarded or delivered upon the granting of the divorce.

The plaintiff's original petition filed by the appellee in very general terms sought a partition of the monies from the said retirement and pension plan. Appellee pleaded that she was a "co-owner". Also, appellee pleaded that her share in the plan consisted of one-half of the sums of money in the said retirement and pension plan of the defendant as of and on the day of divorce plus interest. In a separate paragraph the appellee pleaded that the appellant had secreted and hidden this property from appellee prior to the parties' divorce and that, therefore, the plaintiff below had been forced to retain attorneys to represent her in discovery matters and in recovering property and money rightfully belonging to her. A reasonable attorneys' fees was requested as additional relief. Inter alia, the plaintiff below pleaded for all such other relief to which the plaintiff below may be justly entitled. The appellant answered by a general denial. No special exceptions were pleaded.

The record reflects that Joe Ray Jeffcoat was, at material times, receiving retirement benefits. These monthly benefits to Joe Ray amounted to $1,038.20 which included an insurance reimbursement benefit of $88.05 per month. In answers to written interrogatories, the record reflects that the total amount that the appellant had received through February 29, 1992, was $129,943.28, inclusive of $2,817.60 in insurance reimbursement benefit payments. The first partial payment was made on February 28, 1978. Later, written interrogatories dated on or about January 22, 1993, were answered. This set of written questions was directed to the Police Officers' Pension System of the City of Houston. In substance, the answers were that the appellant's gross benefit amounted to $1,064.80 per month and that from February 28, 1978 (the date of the first retirement payment) through December 31st of 1992, Mr. Jeffcoat has received $136,886.58 in retirement benefits and in addition thereto $3,698.10 in insurance defrayal benefits. The total benefits from the Police Pension System amounted to $140,584.68.

The final judgment specifically ordered and adjudged in detail that Edna Mae be granted a final judgment against Joe Ray in the original principal amount of $13,689. That sum was calculated as follows: $101.40 per month which was decreed to be one-half of the $202.80 stipulated by the parties as to the monthly value of the defendant's pension plan as of the date of divorce multiplied then by 135 which represented the number of months that the plaintiff and the defendant were married. The judgment ordered the appellant to execute a note and secure it for the money owed by obtaining the above noted decreasing term life insurance policy insuring the life of Joe Ray in the benefit

amount of at least $13,689 payable to Edna Mae as beneficiary. The trial court further ordered that the policy shall be maintained in full force and effect until the note had been paid in full. The note was in the principal amount of the benefit amounts.

Basically, this was a proceeding on the equity side of the court to grant a partition of funds in a community property retirement and pension plan which community property asset had not been divided upon the granting of the divorce involving the appellant and the appellee. A number of important, material facts were stipulated. One of the basic prayers of the appellee was that the trial court partition these benefits and awards and to grant to her a portion of the retirement and plan monies which the appellant had been receiving and keeping over a number of years plus proper interest, and also to award to her a correct portion of the future distributions from the plan with an award of reasonable attorneys' fees.

The appellant does not attack the correctness of the amounts involved, but attacks the trial court's ordering the obtaining of the life insurance policy because the same was not a specifically pleaded relief included in appellee's pleadings.

█ This case is a fairly simply one and under the record demonstrates that it was a proceeding to partition property that was not divided upon divorce. Therefore, under TEX. FAM.CODE ANN. §§ 3.90, 3.91 (Vernon 1993), the trial court sitting in a divorce proceeding had the power to partition such property "in a manner that the court deems just and right". The trial chancellor, we perceive, properly partitioned such property in a manner that was just and right. Of importance and significance is the fact that the Family Code provides that not only shall the trial court divide the property in a manner that that court deems just and right, but also that the trial court shall have due regard for the rights of each party and any children of the marriage. TEX.FAM.CODE ANN. § 3.91.

The trial judge sua sponte ordered Mr. Jeffcoat to purchase a decreasing term life insurance policy without any evidence. The evidence reflected that Mr. Jeffcoat was 61 years old, had heart problems, and was receiving social security disability. Mr. Jeffcoat's insurability and the premium on such a policy would be speculative. While the trial judge had a well-meaning intent, without proof there is nothing to base such a ruling upon. We therefore reform the judgment by deleting the requirement of the purchase of the insurance policy and affirm in all other respects. We sustain appellant's point of error number one.

Appellant's point of error number two states in substance that the trial court erred in ordering relief in the nature of a mandatory injunction in favor of appellee where the appellee did not meet the prerequisites of injunctive relief. By like reasoning, we sustain point of error two.

Point of error three is similar to point of error two in that it avers the trial court erred in ordering relief in the nature of a mandatory injunction in favor of the appellee in that the findings of the trial court did not support the judgment of that court. We agree.

The record reflects that the community property that was partitioned arose out of the appellant's retirement account from which the appellant had received individual and undivided payments consisting of the interest (expressed and paid in money) owned by himself but also owned partly by the appellee. These payments had not been revealed to the former wife. The trial court upon sufficient pleadings and ample evidence partitioned these past payments that had been secreted and also the court determined the portion that rightfully belonged to the appellee. The trial court rendered a money judgment in favor of the appellee and ordered certain monthly payments towards that judgment. These monthly payments are not contested by the appellant.

█ The appellant advances a fourth point of error which argues that the trial court erred in ordering in its judgment that the appellant be appointed as a constructive trustee of $94 per month in favor of the appellee in that the said judgment is not supported by appellee's pleadings, trial amendment, or by the trial court's findings of fact and conclusions of law.

The trial court did not commit error in discharging its duty to partition the future payments from the appellant's pension plan which said future payments are still paid directly to the appellant. Again, the divorce chancellor, sitting in equity, was acting in a manner which he deemed just and right. The constructive trustee provision was a correct means or manner in which the divorce judge sought properly to insure a just and right partition. Furthermore, TEX.FAM.CODE ANN. § 3.75 (Vernon 1993) addresses the issue of a constructive trust in a property division situation. Section 3.75 entitled "Right to Future Property" provides that installment payments or a lump-sum payment to be made and paid in the future may properly be enforced by the remedies provided in the relevant subchapter. Section 3.75 specifically provides that subsequent, later receipt by a party of property that has been awarded to the rightful owner creates a fiduciary obligation in favor of the owner (here the appellee) and imposes a constructive trust on the said property for the benefit of the owner. Point of error four is overruled.

The only reformation we make is the deletion of one paragraph in the final judgment reading:

IT IS FURTHER ORDERED that the Defendant JOE RAY JEFFCOAT is to secure this Note by obtaining a decreasing term life insurance policy insuring the life of JOE RAY JEFFCOAT in the benefit amount of at least $13,689.00, payable to Plaintiff EDNA MAE JEFFCOAT as Beneficiary; said policy shall be maintained in full force and effect until said Note is paid in full, and said policy shall be maintained in full force and effect on or before the first payment due on said note.

The judgment below is REFORMED, and as REFORMED, AFFIRMED.