TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00060-CV






Karl Eugene Schneider/Kay Luchie Schneider, Appellants



v.



Kay Luchie Schneider/Karl Eugene Schneider, Appellees







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 93-D-237, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







 This appeal arises out of a family-law dispute following a divorce between appellant
Karl Eugene Schneider and appellee Kay Luchie Schneider. After the trial court issued a final
divorce decree and a subsequent agreed modification of that decree, Karl filed a motion for
clarification and enforcement requesting the court to (1) impose a constructive trust upon certain
monies Kay may receive in the future as a beneficiary under his Armed Services Survivor's
Benefit Plan and (2) render judgment against Kay for money she purportedly owes him for the
Plan's premiums and a wrongfully withheld child-support payment. Kay responded, as cross-plaintiff, with a request for the imposition of sanctions against Karl and an award of attorney's
fees. The trial court denied the relief sought by each side. In separate issues, both parties now
appeal the court's final order. We will affirm the trial court's judgment.



BACKGROUND Appellant Karl Eugene Schneider and appellee Kay Luchie Schneider were divorced
in 1994. As part of the divorce decree, Karl was ordered to pay monthly child support for their
daughter until the latter of either her eighteenth birthday or the month she graduated from high
school. In its division of the marital estate, the court awarded Kay an interest in 31.9% of the
military retirement payments Karl receives based on his twelve years of service in the United
States Air Force. In addition to being awarded an interest in Karl's retirement benefits, Kay was
also given an interest in the proceeds of Karl's Armed Services Survivor's Benefit Plan (the Plan). 
As a practical matter, the Plan takes the place of retirement payments upon a service member's
death. It is an annuity payable to a beneficiary selected by the service member.

 According to the original decree, Kay's interest in the Plan proceeds was to be
limited to an amount equal to 31.9% of Karl's "disposable retired pay." (1) The court order
prohibited Karl from ever modifying the election to name anyone other than Kay as the
beneficiary under the Plan. Commensurate with the survivor benefits she was to receive under
the Plan, Kay was ordered to pay 31.9% of the cost of the monthly premiums necessary to
maintain the Plan.

 In accordance with the terms of the court order, Karl designated Kay as a "former
spouse beneficiary" under the Plan and attempted to have Kay's interest limited to an amount
equal to 31.9% of his disposable retired pay. Notwithstanding this attempt, the Air Force refused
to so limit Kay's interest in the Plan benefits. A year following the divorce, the Air Force
continued to recognize Kay as the sole beneficiary of all the Plan's proceeds. In light of this
unanticipated difficulty in carrying out the terms of the court's decree, the parties presented the
court with a proposed agreed order modifying some of the terms of the original decree. Under
the proposed modification, Kay was to pay the entire monthly premium required to maintain the
Plan until the Air Force recognized and implemented the court-ordered 31.9% limitation on Kay's
interest in the Plan's proceeds. In order to keep Kay apprised of the costs for which she was
responsible, Karl was also ordered to provide on a monthly basis copies of his most recent Air
Force retirement "pay stub" showing the exact amount of the Plan premium that was deducted
each month from his retirement pay. All the terms of the final divorce decree not addressed in
the modified order were to remain valid and unmodified. The court agreed to the modification.

 Initially, Kay wrote checks to Karl each month for the full amount of the Plan
premiums as indicated on the pay stubs. But eventually, Kay reduced the amounts she was paying
Karl by 31.9%, reasoning that she was entitled to a credit for the amount of the premium that was
being deducted from her portion of Karl's retirement pay each month. Karl felt that by reducing
the amount she was paying him directly, Kay was violating the decree by reimbursing him for less
than the "full cost" of maintaining the Plan. Karl also claimed Kay owed him for a child-support
payment that was wrongfully withheld from his retirement pay a month after his child-support
obligation had ended. In addition to his disagreements with Kay, Karl became increasingly
frustrated with the Air Force's continued refusal to recognize the limitation on Kay's interest in
the Plan.

 With these concerns in mind, Karl filed a motion for clarification and enforcement
of the agreed order in which he requested the court to (1) issue a declaratory judgment or
clarifying order imposing a constructive trust upon all Plan benefits Kay may receive in excess
of the 31.9% granted to her in the decree and (2) render judgment against Kay for the amounts
she purportedly owes for past premiums and the extra child-support payment. Kay responded
with a request for sanctions on grounds that Karl's motion was frivolous, groundless, and brought
in bad faith or for the purpose of harassment. Both parties requested an award of reasonable
attorneys' fees.

 After conducting a hearing, the court denied both parties' motions. Karl and Kay
now appeal the court's order denying their requests for relief. In three issues, Karl challenges the
court's overruling of his motion for clarification and enforcement. In four issues, Kay appeals
the court's denial of her requests for the imposition of sanctions and award of attorneys' fees.

DISCUSSION

Abuse of Discretion

 In his first and third issues, Karl complains that the trial court abused its discretion
by (1) refusing to issue a declaratory judgment or clarifying order imposing a constructive trust
upon any Plan benefits Kay might receive in excess of the 31.9% interest she was awarded in the
decree and (2) denying his request for award of attorneys' fees.

 As both sides concede, in the event Kay survives Karl under the present
circumstances, she will receive 100% of the proceeds of the Plan, as opposed to a lesser amount
tied to her 31.9% share of Karl's disposable retirement pay that the court awarded her in the final
divorce decree. Karl argues that, in order to carry out the terms as the court intended, a
constructive trust should be imposed on the remainder of the Plan benefits that were not awarded
to Kay, which Karl wishes to leave to his current spouse. He maintains that the court's refusal
to impose a constructive trust in this situation was an abuse of discretion.

 While we agree with appellant that a constructive trust might have been an
appropriate remedy in this situation, we cannot conclude that the trial court's decision not to
impose one was an abuse of discretion. The decision whether to impose a constructive trust is an
equitable matter within the discretion of the trial court. See Carr v. Weiss, 984 S.W.2d 753, 767
(Tex. App.--Amarillo 1999, no pet. h.); Tripp Village Joint Venture v. MBank Lincoln Centre,
N.A., 774 S.W.2d 746, 750 (Tex. App.--Dallas 1989, writ denied). A trial court abuses its
discretion only when it acts in an unreasonable and arbitrary manner or when it acts without
reference to any guiding principles. See Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226
(Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This
Court may not reverse for abuse of discretion merely because we disagree with a decision of the
trial court. See Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242.

 We first note that all the cases appellant cites in support of his argument are
distinguishable from the circumstances presented here. See, e.g., Hudspeth v. Stoker, 644 S.W.2d
92 (Tex. App.--San Antonio 1982, writ ref'd); Towne v. Towne, 707 S.W.2d 745 (Tex. App.--Fort
Worth 1986, no writ); Jeffcoat v. Jeffcoat, 886 S.W.2d 567 (Tex. App.--Beaumont 1994, no writ);
Sever v. Massachusetts Mut. Life Ins. Co., 944 S.W.2d 486 (Tex. App.--Amarillo 1997, writ
denied). Each of these cases involved an appellate court's affirmance of a trial court's decision
to impose a constructive trust. None involved a challenge to a trial court's decision not to impose
a constructive trust at the request of a litigant. Cases discussing circumstances under which
imposing a constructive trust was not an abuse of discretion offer little, if any, guidance on the
circumstances under which not imposing such a trust would be an abuse of discretion necessitating
a reversal by this Court.

 Here, we cannot say that the trial court acted in an unreasonable and arbitrary
manner or without reference to any guiding principles when it refused to impose a constructive
trust. The trial court indicated in its conclusions of law that its decision was based, at least in
part, on its belief that the relief Karl requested was preempted by federal law. The record
indicates that the trial court was relying on section 1448(b)(2)(B) of Title 10 of the United States
Code (1998). That section, entitled "Effect of former spouse election on spouse or dependent
child," provides that, ". . . [i]n the case of a person with a [current] spouse or a dependent child,
such an election [of a former spouse] prevents payment of an annuity to that [current] spouse or
child . . . ." 10 U.S.C.A. § 1448(b)(2)(B) (1989). Kay argues that this statute precludes the trial
court from designating more than one beneficiary of the Plan; and she claims that in its practical
effect, creating a constructive trust to preserve the amounts Kay receives in excess of her 31.9%
share in the Plan for the benefit of Karl's future wife would be a designation of a second
beneficiary in violation of the statute. In light of the apparent intent behind the federal statute to
preclude the payment of any part of the annuity to a present spouse or dependent child when a
former spouse has been elected as the Plan's beneficiary, we cannot say that the trial court's
decision was unreasonable, arbitrary, or made without reference to any guiding principles. 
Although we express no opinion as to whether the doctrine of federal preemption does in fact bar
the imposition of a constructive trust in this situation, we hold that the court's decision--in light
of its concerns about federal preemption--was not an abuse of discretion.

 We come to the same conclusion even if we assume the trial court was incorrect
in its assertion that federal law precludes the application of a constructive trust. The Texas statute
Karl cites in support of imposing a constructive trust in this situation states that the subsequent
actual receipt by the non-owning party of property awarded to the owner in a divorce decree
creates a fiduciary obligation and imposes a constructive trust. See Tex. Fam. Code Ann. § 9.011
(West 1998). (2) Here Kay has not actually received any Plan benefits. In fact, in the event the Air
Force eventually recognizes the court-ordered division, or should Kay not survive Karl, she will
never actually receive 100% of the benefits. The entire controversy surrounding the Plan is
contingent on the occurrence of future events, and a constructive trust may not be necessary in
the end to carry out the court's intent. Thus, we conclude that the trial court did not act in an
unreasonable and arbitrary manner or without reference to any guiding principles when it declined
to impose the equitable remedy of a constructive trust on possible future Plan disbursements. We
overrule Karl's first issue.

 We likewise reject Karl's argument in his third issue that the district court abused
its discretion by refusing to award him attorney's fees. Section 9.014 of the Texas Family Code
provides that "[t]he court may award reasonable attorney's fees as costs in a proceeding under this
chapter." (West 1998) (emphasis added). This statute does not entitle either party to attorney's
fees; rather, it merely permits the court to award them. The decision to grant or deny attorney's
fees under this statute is reviewed for an abuse of discretion. See Cook v. Cameron, 733 S.W.2d
137, 141 (Tex. 1987); Kurtz v. Jackson, 859 S.W.2d 609, 612 (Tex. App.--Houston [1st Dist.]
1993, no writ). To prevail on this issue, Karl must prove that the trial court acted without
reference to any guiding principles when it refused to award him attorney's fees. See Downer,
701 S.W.2d at 242. In this case, the trial court could have decided not to award Karl attorney's
fees because he did not prevail in any of the relief he sought. Given the outcome of the
proceedings and the deference we extend to trial courts in making these decisions, we cannot say
that the trial court abused its discretion in refusing to award attorney's fees to Karl. We overrule
Karl's third issue.


Factual Sufficiency

 In his second issue, Karl challenges the court's denial of his request to render
judgment against Kay for her alleged failure to reimburse him for the full amount of the Plan
premiums she was ordered to pay, as well as for a child-support payment that he claims the Air
Force wrongfully withheld. In its findings of fact and conclusions of law, the court found that
Kay had paid all monies she owed to Karl for the Plan premiums and that, if Karl were awarded
the amounts he requested, he would receive a windfall in an amount equal to 31.9% of the cost
of the monthly premium. The court also concluded that Karl was not entitled to be reimbursed
for the child-support payment that he claims was wrongfully withheld. Karl contends that the
court's denial of his request was contrary to the overwhelming weight and preponderance of the
evidence. We interpret this argument to be a challenge to the factual sufficiency of the evidence.

 When reviewing a factual-sufficiency point, the trial court's findings of fact are
reviewed using the same standards applied when reviewing the factual sufficiency of the evidence
to support jury findings. See Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991). As a result, when reviewing the factual sufficiency of the evidence to support a finding
on which the appellant had the burden of proof at trial, we must consider and weigh all the
evidence and should set aside the judgment only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor Co.,
715 S.W.2d 629 (Tex. 1986). In its role as fact-finder, the trial court is the sole arbiter of the
witnesses' credibility and the weight to be given their testimony. See Bellefonte Underwriters Ins.
Co. v. Brown, 704 S.W.2d 742, 744-45 (Tex. 1986). It is not within the province of this Court
to interfere with the trial court's resolution of conflicts in the evidence or to pass on the weight
or credibility of the witnesses' testimony. See Benoit v. Wilson, 239 S.W.2d 792, 796 (Tex.
1951); K-Mart Corp. v. Pearson ex. rel. Ramos, 818 S.W.2d 410, 413 (Tex. App.--Houston [1st
Dist.] 1991, no writ). Even when there is conflicting evidence, the fact-finder's verdict on such
matters is generally regarded as conclusive. See Montgomery Ward & Co. v. Scharrenbeck, 204
S.W.2d 508, 511-12 (Tex. 1947); Hallmark v. Hand, 885 S.W.2d 471, 474 (Tex. App.--El Paso
1994, writ denied).

 Having reviewed the record, we hold that there is sufficient evidence to support the
trial court's failure to find that Kay was indebted to Karl for any of the monies he claimed she
owed him. Although Karl contends that Kay failed to pay for the full amount of the Plan
premiums as ordered by the court, we are convinced by the record that the reduced payments she
made to Karl were proper in light of the premium payments that were deducted each month from
her share of the retirement benefits. It is undisputed that the Plan's monthly premiums are
deducted from Karl's gross pay in order to arrive at the "disposable retired pay," a percentage
of which Kay is entitled to receive as retirement benefits, separate from the Plan benefits. Had
Kay not been named the Plan's beneficiary and charged with the obligation to pay the monthly
premiums, the retirement benefits Kay was entitled to receive would not have been reduced by
the cost of the Plan premium. In other words, 31.9% of the deduction coming off the top of the
gross pay amount would belong to Kay, but for her obligation to pay for the cost of the Plan. 
Because Kay's share of the retirement benefits is reduced by the monthly premium, Kay is in
effect already paying for 31.9% of the Plan. When Kay was directly reimbursing Karl for the
entire premium amount shown on the pay stub in addition to bearing the cost of the deduction, she
was paying a total of 131.9% of the cost of the Plan premiums. For this reason, Kay rightfully
reduced the amount she was directly paying Karl by 31.9%.

 Likewise, we hold that there is sufficient evidence to support the conclusion that
Karl failed to demonstrate that he was entitled to be reimbursed for an extra child-support payment
that he claims was wrongly withheld from his retirement pay. Although Karl maintains that he
overpaid child support when one payment was withheld a month after his obligation expired, there
was credible testimony establishing that the final child-support payment made at the beginning of
June 1997 was for the previous month of May--the final month of his obligation. The court could
have reasonably concluded that the child-support payments were paid in arrears instead of in
advance and that no overpayment occurred. Furthermore, there was evidence suggesting that Karl
was delinquent in paying child support from his earnings at Motorola. The evidence in the record
suggests he stopped paying child support from his earnings at Motorola before his daughter
graduated from high school, in which case he would owe Kay money. In light of this evidence,
we conclude that the court's findings of fact upon which it denied his request for a monetary
judgment against Kay were not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. We overrule Karl's second issue.


Cross-Appellant

 Having disposed of the three issues Karl raises on appeal, we now turn to the issues
Kay raises as cross-appellant. In four issues, Kay contends that the trial court abused its
discretion by denying her motion for sanctions and refusing her request for the attorney's fees she
incurred at both trial and on appeal.

 Pursuant to Rule 13 of the Texas Rules of Civil Procedure and Chapter 9.012 of
the Texas Civil Practice and Remedies Code Annotated (West Supp. 1999), Kay requested that
sanctions be imposed against Karl because his suit was frivolous, groundless, and brought in bad
faith or for the purpose of harassment. She contends that the court abused its discretion in
refusing this request. However, in both her brief and at oral argument, cross-appellant failed to
direct our attention to any evidence in the record supporting these allegations. Our own
independent review of the record also reveals no such evidence. Given the total lack of support
for an imposition of sanctions, we cannot hold that the trial court abused its discretion in denying
Kay's request. We overrule this issue.

 In her remaining three issues, cross-appellant argues that the court abused its
discretion by not awarding her attorney's fees. The trial court had the discretion to award
reasonable attorneys' fees under section 9.014 of the Family Code. See Tex. Fam. Code Ann.
§ 9.014 (West 1998). As stated previously, the decision to grant or deny attorney's fees under
this statute is reviewed for an abuse of discretion. See Cook, 733 S.W.2d at 141; Kurtz, 859
S.W.2d at 612. Although she successfully defeated the relief appellant requested, Kay failed to
prevail on any relief she affirmatively sought. The trial court may have decided that both parties
had legitimate interests to pursue and that each side should therefore bear its own attorneys' fees. 
Given the facts of this case, we believe that the trial court's decision was not arbitrary,
unreasonable, or made without reference to any guiding rules and principles. Accordingly, we
hold that Kay has failed to demonstrate that the trial court abused its discretion in refusing to
award cross-appellant her attorney's fees, and we overrule her remaining issues.


CONCLUSION

 Having overruled all the issues raised by appellant and cross-appellant, we affirm
the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 18, 1999

Publish

1. The trial court's order provided that Kay's interest would ". . . be limited to the 31.9%
portion of the United States Air Force disposal [sic] retired or retainer pay arising from [Karl's]
service in the United States Air Force awarded to Kay Luchie Schneider hereinabove." According
to section 1408(a)(4) of Title 10 of the United States Code (1998), "disposable retired pay" is "the
total monthly retired pay to which a member is entitled less amounts which . . . are deducted
. . . to provide for an annuity to a spouse or former spouse to whom payment of a portion of such
member's retired pay is being made pursuant to a court order under this section." 10 U.S.C.A.
§ 1408(a)(4) (1998). By defining Kay's percentage interest in the Plan in terms of Karl's
disposable retired pay, it appears that the court intended for Kay to receive annuity payments
under the Plan equal to the payments she would receive from Karl's monthly retirement pay.
2.    In its entirety, section 9.011, entitled "Right to Future Property," states:


(a) The court may, by any remedy provided by this chapter, enforce an award of
the right to receive installment payments or a lump-sum payment due on the
maturation of an existing vested or nonvested right to be paid in the future.


(b) The subsequent actual receipt by the non-owning party of property awarded to
the owner in a decree of divorce or annulment creates a fiduciary obligation in
favor of the owner and imposes a constructive trust on the property for the
benefit of the owner.


Tex. Fam. Code Ann. (West 1998).


t Kay were not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. We overrule Karl's second issue.


Cross-Appellant

 Having disposed of the three issues Karl raises on appeal, we now turn to the issues
Kay raises as cross-appellant. In four issues, Kay contends that the trial court abused its
discretion by denying her motion for sanctions and refusing her request for the attorney's fees she
incurred at both trial and on appeal.

 Pursuant to Rule 13 of the Texas Rules of Civil Procedure and Chapter 9.012 of
the Texas Civil Practice and Remedies Code Annotated (West Supp. 1999), Kay requested that
sanctions be imposed against Karl because his suit was frivolous, groundless, and brought in bad
faith or for the purpose of harassment. She contends that the court abused its discretion in
refusing this request. However, in both her brief and at oral argument, cross-appellant failed to
direct our attention to any evidence in the record supporting these allegations. Our own
independent review of the record also reveals no such evidence. Given the total lack of support
for an imposition of sanctions, we cannot hold that the trial court abused its discretion in denying
Kay's request. We overrule this issue.

 In her remaining three issues, cross-appellant argues that the court abused its
discretion by not awarding her attorney's fees. The trial court had the discretion to award
reasonable attorneys' fees under section 9.014 of the Family Code. See Tex. Fam. Code Ann.
§ 9.014 (West 1998). As stated previously, the decision to grant or deny attorney's fees under
this statute is reviewed for an abuse of discretion. See Cook, 733 S.W.2d at 141; Kurtz, 859
S.W.2d at 612. Although she successfully defeated the relief appellant requested, Kay failed to
prevail on any relief she affirmatively sought. The trial court may have decided that both parties
had legitimate interests to pursue and that each side should therefore bear its own attorneys' fees. 
Given the facts of this case, we believe that the trial court's decision was not arbitrary,
unreasonable, or made without reference to any guiding rules and principles. Accordingly, we
hold that Kay has failed to demonstrate that the trial court abused its discretion in refusing to
award cross-appellant her attorney's fees, and we overrule her remaining issues.


CONCLUSION

 Having overruled all the issues raised by appellant and cross-appellant, we affirm
the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 18, 1999

Publish

1. The trial court's order provided that Kay's interest would ". . . be limited to the 31.9%
portion of the United States Air Force disposal [sic] retired or retainer pay arising from [Karl's]
service in the United States Air Force awarded to Kay Luchie Schneider hereinabove." According
to section 1408(a)(4) of Title 10 of the United States Code (1998), "disposable retired pay" is "the
total monthly retired pay to which a member is entitled less amounts which . . . are deducted
. . . to provide for an annuity to a spouse or former spouse to whom payment of a portion of such
member's retired pay is being made pursu