# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00797-CV

**Hunter Etcheverry, Appellant**

**v.**

**Hugh Hunter Lankford, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 425TH JUDICIAL DISTRICT
### NO. 17-0205-C425, HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute over the proceeds of two life insurance policies owned by Kristi Lankford, deceased. Hunter Etcheverry, a co-beneficiary of one policy, appeals from a trial court judgment imposing a constructive trust over her share of the proceeds in favor of Kristi's ex-husband Hugh Hunter Lankford.[1] For the reasons that follow, we will affirm the trial court's judgment.

## BACKGROUND

Kristi and Hugh divorced in February of 2013. The agreed final decree of divorce required them to each purchase $250,000 in life insurance, designate the other "as beneficiary in trust for the benefit of the children," and maintain the coverage until both of their children had turned 18.

---

[1] We refer to Kristi and Hugh Lankford by their first names because they shared a surname.

The decree further instructed Kristi and Hugh to furnish each other with written proof of coverage within thirty days after the trial court signed the decree and annually on the anniversary of the divorce.

Etcheverry and Hugh stipulated to certain relevant events between the date of the divorce and Kristi's death in December of 2016. Kristi purchased a $100,000 policy in November of 2013 and a separate $150,000 policy the following year. Kristi changed the beneficiary of both policies in the days prior to her death. She designated Jeff Thomas beneficiary of the $150,000 policy and Thomas and Etcheverry co-beneficiaries of the $100,000 policy. Kristi committed suicide on December 29, 2016.

Hugh filed suit against Thomas, Etcheverry, and Kristi's insurer, Prudential Insurance Company, less than two months later. Citing the divorce decree, Hugh requested that the trial court impose a constructive trust over the proceeds for him to hold in trust for the children.

Thomas agreed to assign his share of the proceeds to Hugh. Etcheverry filed an answer and a general denial. The trial court issued an agreed order instructing Prudential to convey Thomas' share of the proceeds to Hugh as trustee for the children and to deposit Etcheverry's share of the proceeds into the court's registry. The trial court then dismissed Thomas and Prudential from the case, leaving Etcheverry as the sole defendant.

Hugh and Etcheverry filed cross-motions for traditional summary judgment on Hugh's claim. The trial court granted Hugh's motion and denied Etcheverry's. This appeal followed.

2

## DISCUSSION

Etcheverry argues in one issue that the trial court erred because Hugh presented no evidence of two of the elements of a constructive trust. In the alternative, Etcheverry asserts that Hugh waived his claim to the proceeds and that she conclusively established various affirmative defenses.

### Standard of Review and Applicable Law

We review a grant of summary judgment de novo. *Texas Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018). When reviewing cross motions for summary judgment, "we consider both motions and render the judgment that the trial court should have rendered." *Perryman v. Spartan Tex. Six Capital Partners*, 546 S.W.3d 110, 116 (Tex. 2018) (internal quotation marks omitted). Each party bears the burden of establishing its entitlement to judgment as a matter of law. *Id.*

Summary judgment is proper when no issues of material fact exist and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We consider the evidence presented in the light most favorable to the non-movant, credit favorable evidence if a reasonable juror could and disregard contrary evidence unless a reasonable juror could not. *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 279 (Tex. 2017). A genuine issue of material fact exists if the record evidence "would enable reasonable and fair-minded people to differ in their conclusions." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

"A constructive trust is an equitable, court-created remedy designed to prevent unjust enrichment." *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 87 (Tex. 2015). It serves "the very broad function of redressing wrong or unjust enrichment in keeping with basic principles of equity and justice." *Kinsel v. Lindsey*, 526 S.W.3d 411, 425 (Tex. 2017) (quoting *Meadows v. Bierschwale*, 516 S.W.2d 125, 131 (Tex. 1974)). Imposition of a constructive trust "generally requires" that the requesting party establish: (1) breach of a special trust or fiduciary relationship or actual or constructive fraud, (2) unjust enrichment, and (3) an identifiable res that can be traced back to the original property. *Archer v. Anderson*, 556 S.W.3d 228, 245 (Tex. 2018).

**Analysis**

Etcheverry principally argues that Hugh failed to plead or prove that she or Kristi committed fraud.[2] With respect to whether Kristi committed fraud, Etcheverry points to her joint stipulation with Hugh that:

> There is no assertion by . . . Hugh Hunter Lankford that Kristi Paulk Lankford, committed any fraud or defrauded Plaintiff by changing the beneficiaries under the two life insurance policies, but Plaintiff does assert that the change in beneficiaries was unlawful in that it violated the Judge John McMaster signed agreed divorce decree in Cause Number 12-2684-FC4.

Even though "breach of a special trust or fiduciary relationship or actual or constructive fraud is 'generally' necessary to support a constructive trust," the remedy can be imposed in other circumstances where property is "obtained through bad faith or unconscionable acts." *Kinsel*,

---

[2] Neither party raises the issue of a breach of special trust or fiduciary relationship.

4

526 S.W.3d at 426 (quoting *Bradshaw*, 457 S.W.3d at 87); *see Meadows*, 516 S.W.2d at 131 ("A transaction may, depending on the circumstances, provide the basis for a constructive trust where one party to that transaction holds funds which in equity and good conscience should be possessed by another."). The record supports that the proceeds from Kristi's life insurance policies "in equity and good conscience should be possessed by" Hugh. *See Meadows*, 516 S.W.2d at 131.

The named beneficiary of a life insurance policy has no vested right to the proceeds while the insured lives unless "a contract—separate from the policy itself—proscribes any change in the designation of the beneficiary" or the policy does not permit the owner to change the beneficiary. *Prudential Ins. Co. v. Durante*, 443 S.W.3d 499, 506 (Tex. App.—El Paso 2014, pet. denied) (quoting *Rotating Servs. Indus., Inc. v. Harris*, 245 S.W.3d 476, 481 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)). Hugh and Kristi both agreed to the divorce decree's requirement that they name each other as beneficiary until their children became adults. Because it is undisputed that the children were both minors at the time of Kristi's death, Hugh acquired a vested equitable interest in the policy proceeds upon Kristi's death. *See Gutierrez v. Madero*, 564 S.W.2d 185, 189 (Tex. App.—Eastland 1978, writ ref'd n.r.e.) (reaching the same conclusion on almost identical facts); *Box v. Southern Farm Bureau Life Ins. Co.*, 526 S.W.2d 787, 789 (Tex. App.—Corpus Christi 1975, writ ref'd n.r.e.) (reaching same conclusion where decedent agreed in property settlement agreement not to remove his children as beneficiaries of his life insurance policy); *see also Towne v. Towne*, 707 S.W.2d 745, 749 (Tex. App.—Fort Worth 1986, no writ) (affirming constructive trust over life insurance proceeds based on jury findings that husband failed to disclose that he removed wife as

beneficiary of his life insurance policy before executing property settlement agreement assigning her

the proceeds).[3]

Etcheverry protests that the trial court cannot impose a constructive trust on her share

of the proceeds because Hugh never alleged or proved that she personally committed fraud. In other

words, she contends that there is no evidence that she will be unjustly enriched. The Texas Supreme

Court considered and rejected an identical argument in *Pope v. Garrett*, 211 S.W.2d 559 (Tex.

1948). In that case, Carrie Simons died intestate because two of her relatives physically prevented

her from executing a will devising all of her property to her friend Claytonia Garrett. *Id.* at 599. The

trial court imposed a constructive trust over all of Simons' property, even that held by those of

Simons' heirs who were innocent of the others' wrongdoing. *Id.* The Texas Supreme Court

affirmed because "[t]he policy against unjust enrichment" mandated against allowing even innocent

persons to benefit from another's misconduct. *Id.* at 562; *see Kinsel*, 526 S.W.3d at 426 (discussing

*Pope* with approval); *see also Dyll v. Adams*, 167 F.3d 945, 948 (5th Cir. 1999) ("Under Texas law,

courts may 'impose[ ] a constructive trust on totally innocent beneficiaries of [a] wrongful act.'"

(quoting *Ginther v. Taub*, 675 S.W.2d 724, 728 (Tex. 1984))).[4] The same policy supports imposing

---

[3] Etcheverry asserts that *Guiterrez*, *Box*, and *Towne* are distinguishable because each dealt with life insurance policies that existed at the time of the judicial decree or contract, and Kristi purchased the policies at issue here at a later date. Etcheverry does not explain why that distinction makes a difference, and it is not relevant here anyway. The agreed decree of divorce expressly applies to policies that the parties will "purchase and maintain" in the future.

[4] A constructive trust may not be imposed on property held by an innocent third party that is a bona fide purchaser for value without notice. *See Gray v. Sangrey*, 428 S.W.3d 311, 318 (Tex. App.—Texarkana 2014, pet. denied); *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 737 n.16 (Tex. App.—San Antonio 2007, pet. denied). However, Etcheverry never argued or offered evidence that she was an innocent purchaser for value.

a trust here. Kristi violated her legal obligation to name Hugh as the beneficiary of her life insurance policies, and Etcheverry would not have received any proceeds but for that wrongdoing. *See Pope*, 211 S.W.2d at 562 ("But for the wrongful acts the innocent defendants would not have inherited interests in the property."); *Gutierrez*, 564 S.W.2d at 189 (imposing constructive trust over life insurance proceeds in similar circumstances even though named beneficiary was innocent of misconduct).

We conclude that Hugh established his claim for a constructive trust over the policy proceeds and turn to Etcheverry's alternative arguments. She asserts that the trial court erred because Hugh waived his rights in the proceeds and because she established the defenses of unclean hands and laches.

Etcheverry argues that Hugh's "unclean hands" barred him from obtaining equitable relief. A party seeking an equitable remedy "must do equity and come to court with clean hands." *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988); *see Cantu v. Guerra & Moore, LLP*, 549 S.W.3d 664, 671 (Tex. App.—San Antonio 2017, pet. denied). Etcheverry asserts that Hugh failed to comply with his own obligation to provide Kristi with proof that he had acquired life insurance and designated her as the beneficiary. But a party relying on the unclean-hands defense "must show that she herself suffered because of the opposing party's conduct." *Kinsel*, 526 S.W.3d at 426. Etcheverry does not explain how Hugh's failure prejudiced her. Even if Hugh's failure constitutes misconduct, it is not relevant to the basis on which he seeks equitable relief.[5] We

---

[5] The parties stipulated that Hugh purchased a $750,000 policy, designated Kristi as beneficiary, and this designation was in effect at the time of her death.

7

conclude that Etcheverry failed to establish the defense of unclean hands. *See id.* (rejecting unclean-hands defense because alleged misconduct was "collateral to the basis on which the [plaintiffs] seek equitable relief").

Etcheverry next asserts that the defense of laches bars Hugh's claim. To establish laches, the moving party must show "an unreasonable delay by the opposing party in asserting its rights, and also the moving party's good faith and detrimental change in position because of the delay." *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam). Etcheverry asserts that Hugh unreasonably delayed asserting his rights because he never objected to Kristi's failure to provide proof of coverage as required by the divorce decree. But even if that constitutes an unreasonable delay in seeking equitable relief, Etcheverry has not presented any evidence that her position detrimentally changed as a result. We conclude that Etcheverry failed to establish the defense of laches. *See id.* (holding that laches did not bar mandamus relief in part because there was no evidence that respondent detrimentally changed its position during a two-month delay).

Etcheverry asserts in her final argument that Hugh waived his claim to equitable relief. "Generally, 'waiver' consists of the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Paxton v. City of Dall.*, 509 S.W.3d 247, 262 (Tex. 2017) (quoting *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding)). Etcheverry contends that Hugh waived his claim by agreeing to accept Thomas'

assignment of his share of the proceeds.**⁶** She reasons that Thomas would have nothing to assign if Kristi's designation of him as beneficiary was invalid. But Hugh does not dispute that Kristi possessed the right under the terms of policies to designate the beneficiary. Rather, Hugh claims that his equitable right is superior to the legal title conveyed by that designation. *See, e.g., In re Estate of Skinner*, 417 S.W.3d 639, 643 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (observing that a constructive trust consists of "a declaration that B's legal title to X is subject to A's superior equitable claim" and "a mandatory injunction directing B to surrender X to A" (quoting *Restatement (Third) of Restitution and Unjust Enrichment* § 55 cmt. b (Am. Law Inst. 2011))). Agreeing to Thomas' assignment of the proceeds is consistent with that claim.**⁷**

We overrule Etcheverry's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

**⁶** Etcheverry's full argument is that Hugh waived his claim and is now "estopped" to reassert it. Waiver and estoppel "are frequently referenced together, but they are different." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). While waiver is the relinquishment of a known right, estoppel "generally prevents one party from misleading another to the other's detriment or to the misleading party's own benefit." *Id.* Etcheverry does not argue that Hugh misled her by accepting Thomas' assignment.

**⁷** Etcheverry also asserts that Hugh impliedly waived his right to relief because he never sought proof of coverage from Kristi. We reject this argument for the same reason that we rejected Etcheverry's other waiver argument: Hugh's failure to insist that Kristi provide proof of coverage is not inconsistent with his claim that he possesses superior equitable title to the policy proceeds.

9

_____

       Cindy Olson Bourland, Justice

Before Justices Puryear, Bourland, and Toth

Affirmed

Filed: December 18, 2018