**Sue Akers COOK, Formerly Sue Akers Cameron, Petitioner,**

v.

**Paul Archibald CAMERON, Respondent.**

**No. C–4658.**

Supreme Court of Texas.

July 8, 1987.

Scott T. Cook and William A. Dudley, Harris, Cook, Browning, Jordan & Hyden, Corpus Christi, for petitioner.

Bruce D. Viles, Wood & Burney, Corpus Christi, for respondent.

## ON MOTION FOR REHEARING

SPEARS, Justice.

We grant the motion for rehearing, withdraw the judgment and opinion of March 18, 1987, and substitute this opinion.

This is a post-judgment suit seeking to enforce our judgment in *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982). The trial court refused to order Paul Cameron to pay Sue Cook the difference between our judgment affirming the divorce decree awarding thirty-five percent gross military retirement benefits and the government's direct payment of thirty-five percent net disposable retirement. The court of appeals affirmed. 703 S.W.2d 690. We reverse the judgment of the court of appeals and render judgment for Cook.

Sue Cook, formerly Sue Cameron, and Paul Cameron divorced in March 1979. As a part of the divorce decree in the prior suit, the trial court awarded Cook thirty-five percent of Cameron's gross military retirement pay. The court of appeals reversed the trial court's award. *Cameron v. Cameron*, 608 S.W.2d 748 (Tex.Civ.App. —Corpus Christi 1980). In reversing that court of appeals' judgment, this court stated:

> The divorce decree, dated March 29, 1979, awards Sue Cameron "thirty-five percent (35%) of the *gross* present and future Military Retirement presently being received." Sue Cameron is entitled to recover that thirty-five percent but not from the period from March 25, 1979 to June 25, 1981. Therefore, we affirm that part of the trial court judgment awarding Sue Cameron thirty-five percent of

the military retirement pay.... (emphasis added)

641 S.W.2d 210, 213. Our opinion further addressed the award of U.S. Savings Bonds. In the conclusion, this court held regarding the military retirement benefits:

> We reverse that part of the judgment of the court of appeals that reversed the trial court's judgment that Sue Cameron receive thirty-five percent of military retirement pay, and we render judgment awarding Sue Cameron her share of the military retirement pay but only from June 25, 1981. *Id.* at 223.

The divorce decree also granted Cook *forty-five* percent of Cameron's gross military retirement in the event further litigation other than a direct appeal was required to enforce the award of *thirty-five* percent gross. That provision was not appealed to this court in *Cameron.*

This present action arose when Cameron disputed an amount withdrawn by Cook from a supercedeas bond on deposit with the trial court. Cook returned to the trial court that rendered the divorce decree and filed a motion for contempt against Cameron, a motion to enforce judgment, and a motion in aid and clarification of judgment. The trial court's order of July 25, 1983, held that Cameron was required under this court's judgment to pay thirty-five percent of his gross retirement pay. The trial court awarded Cook an equitable lien for the arrearages, but determined Cameron's non-compliance was in good faith. The court held him in contempt for not furnishing an accounting statement to Cook, but refused to activate the contingent benefit provision awarding forty-five percent gross retirement.

In June 1983, the United States Government began paying Mrs. Cook directly, but only in an amount equal to thirty-five percent of *net disposable* military retirement. Cameron refused to pay the difference between our judgment and the government's direct payment. Cook again returned to the trial court in November, 1983 and filed a second amended motion for contempt and a motion to enforce judgment, both of which the court denied. The trial court reasoned the Uniform Services Former Spouse's Protection Act, 10 U.S.C. § 1408 (1983) (USFSPA) only applies to net disposable retirement, and a court may not, by valid judgment, compel a payment of gross.

Cook then appealed to the court of appeals which affirmed the trial court's order. The court of appeals determined the trial court had no jurisdiction to hear Cook's motion for enforcement because our *Cameron* judgment was ambiguous. In the concluding sentences of *Cameron,* we "render[ed] judgment awarding Sue Cameron her share of Military Retirement...." 641 S.W.2d at 223. Even though the opinion earlier affirmed the trial court's award of a gross percentage, the court of appeals stated it was unclear whether "her share of military retirement" referred to gross or net disposable benefits. The court of appeals held the trial court had no jurisdiction to resolve the ambiguity or enforce the judgment since the Supreme Court had rendered our "own judgment." The court also affirmed the trial court's refusal to award attorney's fees to Cook.

On appeal here, Cook argues that the trial court and the court of appeals erred in failing to enforce our *Cameron* judgment affirming the decree awarding thirty-five percent of gross military retirement pay. Cook contends the trial court had a duty to enforce the decree as affirmed. We agree.

When an appellate court affirms a trial court's judgment or renders a judgment which the trial court should have rendered, that judgment becomes the judgment of both courts. *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). "It is the duty of the trial court to enforce the judgment as [rendered]." *City of Tyler v. St. Louis S.W. Ry. Co.,* 405 S.W.2d 330, 332 (Tex. 1966); *see also* TEX.FAM.CODE § 3.70) (Vernon Supp.1987) (enforcement of divorce decree). *Cameron* affirms the trial court's decree of thirty-five percent gross military retirement pay. 641 S.W.2d at 213. The trial court's judgment, therefore, became the judgment of this court, and the trial court erred in not enforcing the judgment as rendered.

The refusal of the courts below to enforce the award of gross pay derives from their interpretation that the USFSPA only approves payment of net disposable retirement pay. While we recognize the trial court's and the court of appeals' concern that *Cameron* may conflict with the USFSPA, *Cameron* affirmed the award of gross pay, and that judgment became final. The doctrine of res judicata bars relitigation of issues decided in a final judgment. *Garcia v. R.C. Cola—7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex.1984). Paul Cameron correctly asserts that a void judgment may be collaterally attacked; however, if the trial court's award of gross pay were void, we would have so held in *Cameron.* Thus, the lower courts' refusal to enforce *Cameron* as written because they disagreed with the award of gross benefits was an improper relitigation of issues determined in the prior final judgment. Although a holding may be subsequently overruled or disapproved, the overruled judgment remains final to the parties involved. *Segrest v. Segrest*, 649 S.W.2d 610, 612, *cert. denied*, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983).

We next address the contingent increase award of forty-five percent gross military retirement. In the 1979 divorce decree, the trial court ordered thirty-five percent gross retirement pay was just and right only if Cook received that amount "without further litigation other than a direct appeal." In the event Cameron failed to comply with the award, the decree stated forty-five percent of the gross retirement pay was just and right. Cook argues that the motions to force Cameron to comply with the court's judgment constitute "further litigation," and therefore, she is entitled to the contingent increase.

Cameron contends the contingent increase is void and unenforceable as a matter of law. He asserts (1) the contingent provision renders the decree indefinite and uncertain because "further litigation" is undefined and unclear; (2) the trial court is authorized to make only one "just and right" division of property, and the contingent increase constitutes a second property division; and (3) the increase operates to divest him of his separate property after divorce. Cameron also claims the contingent provision is unconstitutional because it violates the open courts provision, the due process clause, separation of powers, and the equal rights amendment to the Texas Constitution.

A judgment is void only when it is apparent that the court rendering judgment "had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). Errors other than lack of jurisdiction render the judgment merely voidable and must be attacked within prescribed time limits. *Id.* The trial court issuing the divorce decree had jurisdiction of the parties, subject matter, and capacity to act as a court. Any error regarding the contingent increase then, rendered the judgment voidable, not void ab initio.

Cameron appealed the contingent increase provision to the court of appeals in his appeal from the divorce decree, but did not appeal the contingent award to this court. Cameron did appeal the contingent provision in his *Cameron* motion for rehearing, but by not submitting a crosspoint in *Cameron*, he waived the error. Thus, even though the contingent award was improper, the divorce decree, including the contingent penalty, is not subject to Cameron's collateral attack. Res judicata also applies here to prevent relitigation of issues which should have been litigated in an earlier appeal. *Segrest*, 749 S.W.2d at 613. Determining that the contingent escalation is not void does not, however, completely resolve Cook's contention that the trial court erred in refusing to activate the penalty.

The Family Code authorizes a trial court to issue orders in aid or clarification of a former divorce decree. TEX.FAM.CODE ANN. § 3.70-.72 (Vernon Supp.1987). On Cook's first motion for contempt and motion in aid and clarification, the trial court found Cameron in contempt for failing to forward an accounting statement to Cook

within five days of his receipt, but that "finding of contempt does not amount to further litigation." On Cook's amended second motion, the trial court again refused Cook's request to activate the contingent escalation.

■ We hold the trial court's denial of Cook's request does not mandate reversal. Cameron's testimony at the contempt hearing established to the trial court that he did not willfully refuse to pay Mrs. Cook 35% of gross, but instead considered the counsel of a lawyer with the Air Force Accounting and Finance Center, the ranking legal officer at the Corpus Christi Naval Air Station, and his own attorneys. Cameron's conclusion that a gross amount was not required by our *Cameron* judgment appears to be in good faith and does not warrant our imposition of the improper contingent penalty. We agree that the action here resolving the dispute concerning our *Cameron* judgment does not constitute "further litigation" as intended by the decree.

Finally, Cook also argues she is entitled to attorney fees incurred in the proceeding to enforce the decree. A court may, in its discretion, award attorney fees in a proceeding to enforce a divorce decree. TEX. FAM.CODE ANN. § 3.77 (Vernon Supp. 1987). Cook has made no showing, however, that the court abused its discretion in failing to award attorney fees.

Accordingly, the judgments of the lower courts are reversed. We render judgment ordering the trial court to enforce the judgment in *Cameron v. Cameron* awarding Cook thirty-five percent of gross retirement benefits beginning June 25, 1981. This cause is remanded to the trial court solely to determine the amounts owing to Cook.

WALLACE, J., concurs and dissents.

WALLACE, Justice, concurring and dissenting.

## ON MOTION FOR REHEARING

I concur in the majority holding that Sue Cook is entitled to enforcement of the judgment rendered in *Cameron v. Cameron*,

641 S.W.2d 210 (Tex.1984) awarding her 35% of Paul Cameron's gross military retirement benefits. However, I dissent from the majority's refusal to enforce the contingent increase award.

The majority concludes this lawsuit does not amount to "further litigation" because Cameron acted in good faith in refusing to honor the divorce decree. I disagree. The decree states that 35% of gross military retirement benefits "is determined to be just and right only in the event that [Cook] receives the allotted share without further litigation other than a direct appeal...." Litigation is defined as a contest in the courts to enforce a right or seek a remedy. *Black's Law Dictionary* 841 (5th ed. 1979). The purpose of litigation is to preserve and enforce rights and secure compliance with the laws of the state. *Missouri, Kansas & Texas Ry. Co. v. Hickman*, 183 U.S. 53, 60, 22 S.Ct. 18, 21, 46 L.Ed. 78 (1901). Because Cameron failed to honor the divorce decree, Cook was forced to file this lawsuit. By definition, she was forced to pursue further litigation whether Cameron acted in good faith or not. Consequently, she is entitled to 45% of Cameron's gross military retirement pay.

Cameron failed to properly challenge the contingent provision in his direct appeal of the divorce. Because he could have secured review of the provision in the divorce appeal, res judicata bars him from litigating that issue in this lawsuit. *Garcia v. RC Cola—7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex.1984).

For the foregoing reasons, I would hold Cook is entitled to enforcement of the entire divorce decree including the contingent provision.