NO. 07-10-00061-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 4, 2012

---

DALE BRAMLETT, INDIVIDUALLY AND AS
INDEPENDENT ADMINISTRATOR OF THE ESTATE OF
VICKI BRAMLETT, DECEASED; SHANE FULLER AND
MICHAEL FULLER, APPELLANTS

v.

BENNY P. PHILLIPS, M.D., APPELLEE

---

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-522,183; HONORABLE WILLIAM C. SOWDER, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**CONCURRING AND DISSENTING OPINION**

For the reasons the majority discusses, I agree with the reversal and remand of the trial court's judgment on remand for recalculation of damages. I concur in the court's judgment remanding the case.

I must dissent, however, from that portion of the majority opinion holding that the trial court erred by "vacating" its 2005 judgment.

Although the majority's opinion does not directly say so, its disagreement with the trial court's vacation of the 2005 judgment is of necessity tied to the contention of appellants ("the Bramletts") that the trial court erred by failing to include in its judgment on remand findings related to a *Stowers* claim against Dr. Phillips' insurer. I say that because all the relief granted the Bramletts in the 2005 judgment, except the award of court costs, was reversed, by the Supreme Court's judgment or this court's.

In their brief on appeal from the 2009 judgment, the Bramletts state specifically the language that was included within the 2005 judgment but omitted, over their objection, from the 2009 judgment. The Bramletts object that the trial court erred by omitting from the 2009 judgment a recitation of the amount of the uncapped "damages finding" that would have been awarded but for the damages cap, and by omitting its findings of "*Stowers* facts."

The 2005 judgment contains eleven pages of text. The decretal paragraphs occupy one page. The other ten pages of text consist of recitations of such matters as the case's procedural history, the jury findings, explanations of damage and interest calculations, and other discussion supporting the damages awarded. The 2009 judgment on remand is just over a page in length. The specific "*Stowers* facts" recited in the 2005 judgment but not carried over into the 2009 judgment read as follows:

> [Dr. Phillips is] insured through a professional liability insurance policy with the Medical Protective Company of Fort Wayne, Indiana in the amount of $200,000.00.
>
> On December 17, 2003, Plaintiffs sent Defendants a proper Stowers demand for policy limits. The deadline to respond was Friday, January 16,

2004. At 6:00 p.m. Defendants did not respond to this offer within the Stowers deadline with an agreement to settle for policy limits. On March 23, 2004, Plaintiffs sent Defendants a second, proper Stowers demand for policy limits. The deadline to respond to this offer was Friday, April 9, 2004 at 5:00 p.m. Defendants did not respond to this offer within the Stowers deadline with an agreement to settle for policy limits.

Facts exist to enable a party to invoke the common law theory of recovery known as the "Stowers doctrine." First, [Dr. Phillips] had an insurance policy with the Medical Protective Company of Fort Wayne, Indiana in the amount of $200,000.00. Plaintiffs offered to settle their claims against [insureds] for policy limits and to fully and finally release the insureds from any and all claims, causes of action, and liens. Defendants consented to settle.

The majority's implicit conclusion the trial court erred by failing to include the recitations in its 2009 judgment is premised on case law holding that when an appellate court affirms a trial court's judgment or renders the judgment a trial court should have rendered, the judgment of the appellate court becomes the judgment of both courts. *See Cook v. Cameron*, 733 S.W.2d 137, 139 (Tex. 1987) (so holding). Despite the Supreme Court's clear statement it was reversing our judgment,[1] the majority then concludes that the Supreme Court actually reversed only "that part of our judgment dealing with the interrelationship between section 11.02(a) and section 11.02(c)." With regard to the application of section 11.02 in this case, the majority's opinion does not identify what "part" of our judgment the majority believes the Supreme Court affirmed, and I am at a loss to see it. *Cf. Cook*, 733 S.W.2d at 139 (stating that its previous

---

[1] The Supreme Court's opinion concludes, "The court of appeals' judgment is reversed and the cause is remanded to the trial court for it to apply the cap and render judgment consistent with our opinion." *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009). The Supreme Court's judgment and mandate, quoted in the majority's opinion, contain similar language.

3

opinion, *Cameron v. Cameron*, 641 S.W.2d 210 (Tex. 1982), "affirms the trial court's [divorce] decree of thirty-five percent gross military retirement pay").

The majority may mean that the Supreme Court "affirmed" all or part of the ten pages of the 2005 judgment that preceded the decretal paragraphs of the order. But it is difficult to see how the majority could mean such a thing. Factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself. *Cadles of Grassy Meadow, II, LLC v. Herbert*, 07-09-0190-CV, 2010 Tex.App. Lexis 3147, April 27, 2010, no pet) (mem. op.); *Nelson v. Britt*, 241 S.W.3d 672, 676 (Tex.App.—Dallas 2007, no pet.). *See generally*, 5 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 27:24 (2d ed. 1999).

The recitation of "*Stowers* facts" that were supportive of the judgment against Dr. Phillips under the view of the law adopted by the trial court may have been appropriate in that 2005 judgment, but after the Supreme Court's opinion those "*Stowers* facts" no longer had any bearing on the judgment against him. For that reason also the court did not err by failing to include them in its judgment on remand.

The majority is correct that a trial court's authority on remand is limited to complying with the specific instructions of the reviewing court; hence, it may not re-litigate previously contested issues. *Bramlett v. Phillips,* No. 07-10-0061-CV, slip op. at 9. Applying that precept, however, the majority states that "[w]e construe the mandate of the Supreme Court as vesting the trial court with the limited jurisdiction to determine the issue addressed in its opinion, to wit: the interplay between 'two provisions of the Medical Liability and Insurance Improvement Act of 1977, now repealed.'" *Id.* But the

4

Supreme Court did not tell the trial court to determine any issue. As noted, the Supreme Court said in its opinion that the "cause is remanded to the trial court for it to apply the [damages] cap [of § 11.02(a)] and render judgment consistent with our opinion." *Phillips*, 288 S.W.3d at 883.[2] The judgment the trial court was to render was, of course, the judgment against Dr. Phillips.

Given those instructions, the trial court did not, in my opinion, exceed the authority given it on remand by signing a judgment against Dr. Phillips omitting recitations that supported relief the Supreme Court's opinion had reversed and that would have no bearing on the judgment to be rendered on remand.

Our court is not naïve concerning the purported import of this current appeal to the anticipated *Stowers* action against Dr. Phillips' insurer. The parties have been candid, both in briefing and at argument, regarding their focus on that litigation. I believe, however, that we have taken our eye off the ball of the question before us, which is whether the trial court erred in its judgment against Dr. Phillips. With regard to its refusal to repeat in its 2009 judgment the "*Stowers* facts" recited in the 2005 judgment, I would hold that the trial court did not err.

Lastly, the majority opinion states it "vacates" the provision of the 2009 judgment "vacating the 2005 judgment." To the degree the majority intends its language to restore the 2005 judgment to some effect, its action seems to me contrary to the opinion and judgment of the Supreme Court, which reversed the compensatory damages

---

[2] In that regard, the Supreme Court's judgment and mandate included language remanding the cause "to the trial court for further proceedings consistent with this Court's opinion."

5

awarded in 2005, contrary to this court's 2007 opinion and judgment reversing the punitive damages then awarded, and contrary to the "one final judgment" rule. Tex. R. Civ. P. 301.

James T. Campbell
Justice