In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00303-CV**

_____

**MICHAEL I. LEAVITT, SUCCESSOR TESTAMENTARY TRUSTEE OF THE BERT EARL GASSAWAY TESTAMENTARY TRUST AND SUCCESSOR INDEPENDENT ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF MARIE ANDERSON GASSAWAY, Appellant**

**V.**

**BRUCE HOLBROOK, VIRGIL HOLBROOK, JUANITA HOLBROOK RIZZO, INDIVIDUALLY AND AS TRUSTEE OF THE 1992 RIZZO FAMILY TRUST, EVELYN WALDROP, AND JUNE WALDROP, Appellees**

_____

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CV67744**

_____

**MEMORANDUM OPINION**

In this appeal, we resolve whether a statutory probate court has exclusive jurisdiction over a suit, filed in 2004, seeking to clear a cloud on title. The suit, filed by the owners of the executive mineral rights against the trustee of a testamentary trust, sought to remove a cloud on the ownership of minerals on land

1

in Liberty County. The trustee created the cloud on the right of the executive mineral owners to receive royalties from production attributed to a pooled unit by claiming that it was entitled to a share in the royalties attributable to production based on its ownership of a nonparticipating royalty interest (NPRI)[1] in certain acreage burdened by the NPRI located within the pool. The 75th District Court of Liberty County exercised jurisdiction over the dispute and rendered judgment, clearing the cloud. Based on provisions in the Texas Probate Code that applied in 2004 when the executive mineral owners filed suit, we conclude the trial court did not have jurisdiction over the claims asserted by the Holbrooks against the trustee. With respect to the trial court's judgment against the trustee, we vacate the judgment and dismiss the claims of the executive mineral owners against the trustee without prejudice. With respect to the parties who did not appeal, the trial

---

[1]The Texas Supreme Court has described a nonparticipating royalty interest as:

> an interest in the gross production of oil, gas, and other minerals *carved out of the mineral fee estate* as a free royalty, which does not carry with it the right to participate in the execution of, the bonus payable for, or the delay rentals to accrue under, oil, gas, and mineral leases executed by the owner of the mineral fee estate.

*In re Bass*, 113 S.W.3d 735, 745 n.2 (Tex. 2003) (quoting Lee Jones, *Nonparticipating Royalty*, 26 Tex. L. Rev. 569, 569 (1948)); *see also Pickens v. Hope*, 764 S.W.2d 256, 264 (Tex. App.—San Antonio 1988, writ denied) (explaining that an NPRI owner has "no right to lease the land to another for mineral development or to produce the minerals himself[,]" rather the interest "merely entitles him to a share of production under the lease free of exploration and production expenses").

2

court's judgment is affirmed, without regard to the merits of the trial court's resolution of the issues.

Background

This appeal concerns the trial court's decision to grant the motion for summary judgment filed by the Holbrooks,[2] the owners of the executive mineral rights to the acreage at issue, clearing a cloud the trustee[3] of the Bert Earl Gassaway Testamentary Trust placed on the minerals by asserting a claim to share in the royalties from production in a pooled unit. The Trust's claim is based on the Trust's ownership of an NPRI in certain acreage that is located within the pool. Throughout the proceedings, the trustee of the Trust has consistently asserted that the district court in Liberty County did not have jurisdiction to adjudicate the Holbrooks' claims against the Trust. According to the trustee, the Probate Court Number 2 in Harris County has exclusive jurisdiction over the claims the Holbrooks asserted against the Trust's trustee and its successor trustee.

---

[2] The Holbrooks who executed a mineral lease that included the acreage in which the Trust owned an interest are Bruce Holbrook, Virgil Holbrook, Juanita Holbrook Rizzo (Individually and as Trustee of the 1992 Rizzo Family Trust), Evelyn Waldrop, and June Waldrop.

[3] Michael I. Leavitt is the Successor Testamentary Trustee of the Bert Earl Gassaway Testamentary Trust. Michael was appointed to this position following the death of his mother, Bernice Davis Leavitt, the initial Testamentary Trustee of the Trust. Bernice's demands that the Trust be paid based on the NPRI created the cloud.

3

The Trust traces its interest in the NPRI at issue to provisions in Marie Anderson Gassaway's will. Prior to Marie's death, she and her brother, Allie Anderson, deeded acreage to A. Chester Holbrook, the Holbrooks' predecessor in interest. In the deed, Gassaway and Anderson reserved a 1/16 NPRI in the acreage conveyed by the deed. Marie's will, probated in the Probate Court Number 2 in Harris County in 1980, created a testamentary trust benefitting her son, Bert Earl Gassaway. Marie's will directed her interest in the NPRI to the Trust. On Bert's death in 2002, the Trust's interest in the NPRI passed under the provisions in the will to "Sadie Boatner" (identified by the pleadings in the trial court as Celia Boatner, a/k/a Sadie Boatner). On November 17, 2003, Celia ratified the pooling of her interest in the NPRI, which is traced to the Anderson-Gassaway deed. After Celia died in 2007, Patricia Boatner appeared in the proceedings as Celia's successor, and as trustee of the "Celia 'Sadie' Boatner Family Living Trust."

The Holbrooks filed suit in district court in Liberty County on June 3, 2004. They sued the Trust, Boatner, and others. Subsequently, Boatner and the others who are not parties to the appeal settled the claims the Holbrooks asserted against them.

While the case was pending in Liberty County, the trustee of the Trust filed a motion in the Probate Court, requesting that the Probate Court transfer the Holbrooks' suit to Harris County. The Probate Court declined that request.

4

Additionally, in the Probate Court, the trustee sued the Holbrooks and others, claiming that based on its NPRI, the Holbrooks owed the Trust past royalties they had received from the production attributable to the pooled unit that included the acreage burdened by its NPRI. At the Holbrooks' request, the Probate Court abated (but did not transfer or dismiss) the trustee's claims against the Holbrooks and others.

In 2012, based on the Holbrooks' motion for summary judgment, the presiding judge of the District Court in Liberty County rendered a final judgment resolving the claims of all of the parties in the suit. The trial court's judgment declares that the Holbrooks' royalty interest was burdened or reduced by the NPRI interest held by Boatner only from and after November 17, 2003 (the date Celia ratified the unit). The judgment rejects the Trust's claim that it was entitled to royalties from the production attributed to the pooled unit, and the judgment removes the cloud the Trust placed on the executive mineral owner's interest in the royalties at issue. Only the trustee, on behalf of the Trust, appealed from the final judgment.

In issue one, the trustee argues that the trial court could not exercise jurisdiction over the trustee to decide that the Trust's NPRI asset automatically vested in Celia Boatner on Bert Gassaway's death. In issue two, the trustee contends that the Trust "was entitled to the equitable remedy of unjust enrichment

5

against [the Holbrooks.]" In issue three, the trustee argues the trial court erred when it agreed with the Holbrooks' that the owners of an NPRI had to ratify the agreement to pool its acreage before becoming entitled to any of the royalties attributable to the production from the pool. In issue four, the trustee contends that material fact issues regarding the trustee's knowledge that an agreement to pool the minerals existed, and that these fact issues required a trial that could not be resolved by summary judgment proceedings. In issue five, the trustee argues that the Trust did not create a cloud on title because its claim that it was owed royalties was not wrongful.

## Jurisdiction

Initially, the trustee argues the trial court lacked subject matter jurisdiction over matters pertaining to the Trust's NPRI. According to the trustee, the statutory probate court in Harris County, the county where Marie's will was probated, possesses continuing exclusive jurisdiction with respect to all of the matters that concern the claims against the Trust and its trustee.

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Lack of subject matter jurisdiction is fundamental error that may be recognized by the appellate court, sua sponte, or raised by a party at any time. *Saudi v. Brieven*, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.]

6

2004, pet. denied). A judgment is void if the trial court rendering the judgment lacks subject matter jurisdiction. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987).

When the Holbrooks filed their original petition in 2004 against the Trust, the Texas Property Code provided that a district court's jurisdiction over proceedings concerning trusts is exclusive "except for jurisdiction conferred by law on a statutory probate court[.]" Act of May 26, 1997, 75th Leg., R.S., ch. 1375, § 5, sec. 115.001(d), 1997 Tex. Gen. Laws 5162, 5163. Probate Court Number 2 of Harris County is a statutory probate court. Tex. Gov't Code Ann. § 25.1031(c)(2) (West 2004).

Based on the date the Holbrooks filed suit, Sections 5 and 5A(b) of the Texas Probate Code govern the jurisdiction of statutory probate court proceedings. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, §§ 1-4, 2003 Tex. Gen. Laws 3052, 3052-3054.[4] We note that even though Gassaway's will was probated in

---

[4]When the matters discussed in the opinion were before the trial and probate courts, the Texas Probate Code applied. Effective January 1, 2014, the Probate Code was repealed; it was substantially replaced by the new Texas Estates Code. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, 2009 Tex. Gen. Laws 1512, 1512-1732 (§§ 10-12 reflect the effective date of the Texas Estates Code and the repeal of the Texas Probate Code), *amended by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, 2011 Tex. Sess. Law Serv. 1901, 1901-2095 (West); Act of May 9, 2013, 83rd Leg., R.S., ch. 161, art. 6, 2013 Tex. Sess. Law Serv. 623, 633-657 (West). With respect to the sections of the Probate Code pertaining to jurisdiction of statutory probate courts, and based on the savings provisions in the Estates Code

1980, the sections of the Probate Code giving a statutory probate court exclusive jurisdiction over claims against the trustee of a testamentary trust are the operable provisions that govern this appeal. *See id.* at § 17, 2003 Tex. Gen. Laws at 3057 (explaining that sections 5 and 5A(b) apply to actions commenced on or after the effective date, September 1, 2003, without regard to whether the probate proceeding is already pending).

When the Holbrooks sued the trustee for clouding title to the minerals at issue, section 5A(b) directed that, with the exception of matters provided in section 5, "any cause of action[,]" including those involving testamentary trusts, "shall be brought in a statutory probate court." Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 4, sec. 5A(b), 2003 Tex. Gen. Laws 3052, 3054. When the Holbrooks sued the trustee in 2004,[5] suits against trustees of testamentary trusts were not excepted

---

that gave those provisions in the Probate Code continuing force, we cite to the applicable Probate Code sections. *See* Tex. Est. Code Ann. §§ 32.006, 32.007 (West Pamph. 2013); Act of May 24, 2013, 83rd Leg., R.S., ch. 1136, § 62(d), 2013 Tex. Sess. Law Serv. 2740, 2757 (West); Act of June 1, 2009, 81st Leg., R.S., ch. 1351, § 14, 2009 Tex. Gen. Laws 4273, 4282.

[5]In 2005, trustees of testamentary trusts were added as an exception to those matters the Legislature required to be filed in statutory probate courts. Following the effective date of the amendment, the Legislature gave district courts and the statutory probate courts concurrent jurisdiction over trustees of testamentary trusts. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 551, § 1, sec. 5(e), 2005 Tex. Gen. Laws 1476, 1477 (adding testamentary trusts and actions by and against a trustee to the list of matters in section 5(e) over which district and statutory probate courts

from the requirement that such suits be filed in a statutory probate court. Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 2, sec. 5(e), 2003 Tex. Gen. Laws 3052, 3053.

Marie's will, which created the Trust, was admitted to probate in the Probate Court Number 2, a statutory probate court. The estate's administration remains open. No one disputes that the Trust is a testamentary trust or that the Holbrooks filed suit against the Trust's trustee in 2004. While the Probate Code's provision that gave statutory probate courts exclusive jurisdiction over trustees existed for only two years during the years that are relevant to the parties' dispute, it is the provision that applies based on the date the Holbrooks sued the trustee. *Compare* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 17, 2003 Tex. Gen. Laws at 3057, *with* Act of May 23, 2005, 79th Leg., R.S., ch. 551, § 9(a), 2005 Tex. Gen. Laws at 1480. Therefore, we agree with the trustee that the statutory probate court overseeing the Trust had exclusive jurisdiction over all of the claims the Holbrooks made against the Trust's trustee. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 4, sec. 5A(b), 2003 Tex. Gen. Laws 3052, 3054; *id*. at § 2, sec. 5(e), 2003 Tex. Gen. Laws at 3053. Because the trial court lacked jurisdiction over the trustee

share concurrent jurisdiction); *id*. at § 9(a), 2005 Tex. Gen. Laws at 1480 (instructing that the amendments to section 5 are applicable to only those matters filed after the September 1, 2005 effective date); *see also Gammill v. Fettner*, 297 S.W.3d 792, 799 n.10 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

and actions concerning the Testamentary Trust, the trial court could not render a valid and binding final judgment that addressed the Holbrooks' claims against the trustee for the actions the trustee took on behalf of the Trust. *See Cook*, 733 S.W.2d at 140.

Because the trial court's judgment against the trustee is void, we sustain the Trust's first issue. Given our resolution of issue one, we need not address the Trust's remaining appellate issues. Tex. R. App. P. 47.1. With respect to the trustee and the interests of the Trust, we vacate the trial court's final judgment, and we dismiss the Holbrooks' claims against the trustee without prejudice. Without addressing the merits of the Holbrooks' claims against the persons who are not parties to the appeal, the trial court's final judgment with respect to those other parties is affirmed.

REVERSED AND DISMISSED IN PART; AFFIRMED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on August 30, 2013
Opinion Delivered July 10, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.