In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00343-CV**
_____


**IN RE JAMES RUBIO**

_____

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 11-04-04400-CV**
_____

**MEMORANDUM OPINION**

The trial court civilly committed James Rubio for sex offender treatment in

2011. *See generally In re Commitment of Rubio*, No. 09-11-00602-CV, 2013 WL

541896, at *1 (Tex. App.—Beaumont Feb. 14, 2013, pet. denied) (mem. op.). In

2016, Rubio filed a motion in arrest of judgment and a motion in which he

challenged the trial court's jurisdiction over the case. Rubio appears to argue that he

is not a repeat sexually violent offender because one of his prior convictions arose

from a proceeding in which he made a no contest plea. In a mandamus petition,

Rubio seeks to compel the trial court to rule on his motions. *See generally Safety–*

*Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

Rubio's motions attack a final judgment that, notwithstanding his claim to the contrary, he failed to establish is void. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). Rubio has not shown that the trial court has a ministerial duty to rule on the motions at this time. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on September 27, 2017
Opinion Delivered September 28, 2017

Before Kreger, Horton, and Johnson, JJ.