

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00085-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

Opinion by: Lori I. Valenzuela, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: July 20, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The child at the center of this case is A.A., a seventeen-year-old who has been in the managing conservatorship of the Department of Family and Protective Services (the "Department") since September 25, 2021. In the underlying proceeding, the trial court signed an "Order Following Hearing Regarding Placement for the Child [A.A.]" (the February 3rd order). The Department filed with this court a motion to stay the order, which was granted, and a petition for writ of mandamus complaining of the order. The trial court filed a response. We conditionally grant the petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 2010-CI-00396, styled *In the Interest of A.A. and T.F.B., Children*, pending in the 57th Judicial District Court, Bexar County, Texas. The Honorable Mary Lou Alvarez signed the order at issue in this proceeding.

**MANDAMUS STANDARD OF REVIEW**

To be entitled to mandamus relief, the Department must show the trial court committed a clear abuse of discretion and the Department has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if "'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding) (citation omitted). A "mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). However, if the complained-of order is void, the Department does not have to show a lack of an adequate appellate remedy for mandamus relief to be appropriate. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (citation omitted).

**BACKGROUND**

The parental rights of A.A.'s parents have been terminated, and the Department was named her permanent managing conservator. The parental rights of A.A.'s sibling also were terminated, and the Department was named permanent managing conservator of that child. On January 31, 2022, the trial court conducted a hearing regarding A.A.'s placement. Following the hearing, the court signed the February 3rd order, which ordered in part as follows:

> 2.2 A child specific contract is to be worked up for Bexar County, drafted and ready to present to CPAs [child placement agencies] by 5 p.m. on February 4, 2022.
> 2.2.1 A copy of the child specific contact [sic] is to be circulated to Maria Salazar and Lee Golden.

2.2.2 This contract must be provided to at least 3 CPAs by 5 pm on February 4, 2022.

2.2.3 The daily rate for the child for child specific contract is $575/day.

2.3 Maria Salazar and Lee Golden will reach out to Thrive, Fiesta Youth, and Pride Center to see if they have had any contact with the child; further, they will report back on what services may be incorporated into the further orders of the Court.

In its petition for writ of mandamus, the Department asserts, among other arguments, the February 3rd order violated the Separation of Powers Clause by interfering with the Department's duties.[2] We agree.

## DISCUSSION

In *In re The Texas Department of Family and Protective Services*, __ S.W.3d __, No. 04-22-00040-CV, 2022 WL 1751377 (Tex. App.—San Antonio Jun. 1, 2022, orig. proceeding), we considered whether the trial court could order the Department to enter a child-specific contract for foster care at a specific daily rate. *Id.* at \*7-8. In that case, we held the trial court's order violated the Separation of Powers Clause of the Texas Constitution, *id.* at \*8, which was a clear failure to correctly analyze or apply the law, and which constituted an abuse of discretion, *see Walker*, 827 S.W.2d at 839-40. The same principle applies here. Decretal paragraphs 2.2 and 2.3 of the February 3rd order, which require the Department to enter a child-specific contract for A.A.'s care at a specific rate, violates the Separation of Powers Clause, incorrectly analyzes or misapplies the law, and is void.

---

[2] On March 25, 2022, the trial court signed another order (the "March 25th order"), which involved the placement of A.A. with an individual ("J.A."). On March 30, 2022, relator filed a "Motion for Review of Further Orders," requesting we review the March 25th order in this original proceeding. We granted the motion. Subsequently, relator filed a "Motion to Dismiss" stating A.A. is no longer living in J.A.'s home and is without placement. Accordingly, relator asks this court to dismiss its Motion for Review of Further Orders.

**CONCLUSION**

The trial court lacked the authority—constitutional, statutory, inherent, or otherwise—to order that (1) "[a] child specific contract . . . be worked up for Bexar County, drafted and ready to present to CPAs [child placement agencies] by 5 p.m. on February 4, 2022"; (2) "[a] copy of the child specific contact [sic] . . . be circulated to Maria Salazar and Lee Golden"; (3) "[t]his contract must be provided to at least 3 CPAs by 5 pm on February 4, 2022"; (4) "[t]he daily rate for the child for child specific contract is $575/day"; and (5) "Maria Salazar and Lee Golden will reach out to Thrive, Fiesta Youth, and Pride Center to see if they have had any contact with the child; further, they will report back on what services may be incorporated into the further orders of the Court." Therefore, we hold the above portions of the February 3rd order are void. Accordingly, the Department does not need to show the lack of an adequate appellate remedy to be granted mandamus relief. *See The Tex. Dep't of Family and Protective Servs.*, 2022 WL 1751377, at \*9.

Accordingly, we conditionally grant the Department's petition for writ of mandamus. We direct the trial court to, no later than fifteen days from the date of this opinion, vacate decretal paragraphs 2.2 and 2.3 of its February 3, 2022 "Order Following Hearing Regarding Placement for the Child [A.A.]."[3] We are confident the trial court will promptly comply; our writ will issue only if it does not.

Lori I. Valenzuela, Justice

---

[3] We construe relator's Motion to Dismiss as a request to not review the March 25th order in this original proceeding. We grant the request.