

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-22-00175-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

Opinion by:     Liza A. Rodriguez, Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                  Luz Elena Chapa, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: August 3, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The Texas Department of Family and Protective Services (the "Department") filed a petition for writ of mandamus and a superseding amended petition for writ of mandamus challenging orders issued by the trial court with respect to placement of E.H., a 15-year-old autistic child who is in the managing conservatorship of the Department. Having considered the amended mandamus petition, the record, and the attorney ad litem's response, we conditionally grant the Department's amended petition for writ of mandamus.

### BACKGROUND

After termination of the parents' rights to E.H., the Department was appointed the permanent managing conservator of E.H. on October 13, 2014. Following a permanency hearing

---

[1] This proceeding arises out of Cause No. 2013-PA-01215, styled *In the Interest of E.H., a Child*, pending in the 288th Judicial District Court, Bexar County, Texas. The Honorable Mary Lou Alvarez signed the orders at issue in this proceeding.

on March 16, 2022, the trial court orally rendered an order which directed the Department to "identify and execute a child specific contract for any or all child placing agencies with therapeutic foster homes that can meet the child's needs" and provide a list of potential placements within five days, *i.e.*, March 21, 2022. The Department filed a petition for writ of mandamus and a motion to stay the order, which we granted in part. The trial court signed a written order on March 25, 2022 memorializing its oral pronouncements at the conclusion of the March 16, 2022 hearing. The stay was granted with respect to Paragraph 2.3 containing the child-specific contract provision.

On April 14, 2022, the Department filed another motion to stay and an amended mandamus petition adding a challenge to the trial court's order orally rendered at the conclusion of an April 13, 2022 status hearing. We granted the motion to stay with respect to the challenged portions of the order requiring (i) the Department to provide "an autism expert on site designated to be working . . . for all shifts mornings, evenings and night" while E.H. was placed at a hotel in Victoria, Texas, and (ii) two Department employees "to report to the deputy [of the trial court] . . . and work from 9 a.m. to 6 p.m. in the jury room each day until placement for the child is secured." The April 13, 2022 order was memorialized in a written order signed on April 19, 2022; the stay was granted as to Paragraph 3.2 requiring an autism expert on site and Paragraph 3.7 requiring the Department employees to work from the jury room until placement was located.

## MANDAMUS STANDARD OF REVIEW

To be entitled to mandamus relief, the Department must show the trial court committed a clear abuse of discretion and the Department has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law" or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839, 840 (Tex. 1992). A "mandamus will not issue when the law provides

another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006). However, if the complained-of order is void, the Department does not have to show a lack of an adequate appellate remedy for mandamus relief to be appropriate. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (citation omitted).

## DISCUSSION

In its amended mandamus petition, the Department argues, in relevant part, that the trial court's orders requiring the Department to execute a child-specific contract to place E.H. in a therapeutic foster home and provide an autism expert-staff member to work on-site with E.H. twenty-four hours per day, and confining two Department employees in the jury room until placement is found constituted an abuse of discretion because the orders violated the Separation of Powers Clause of the Texas Constitution. We agree.

In our recent opinion in *In re Texas Department of Family and Protective Services*, No. 04-22-00040-CV, 2022 WL 1751377 (Tex. App.—San Antonio June 1, 2022, orig. proceeding), we held the trial court violated the Separation of Powers Clause of the Texas Constitution when it usurped the legislatively vested authority of the Department to enter into child-specific contracts at legislatively determined rates. *Id.* at *7-8. The same principle applies to the orders challenged here. The trial court's orders unduly interfere with and usurp the Department's legislatively-vested authority and violate the Separation of Powers Clause. *See id.* at *4, 6 (citations omitted). We hold the trial court lacked the authority—constitutional, statutory, inherent, or otherwise—to require the Department to execute a child-specific contract for placement of E.H., provide a 24-

hour autism expert-staff member for E.H., and require two Department employees to remain in the jury room during work hours until a placement for E.H. is found. *See id.* at *7-8, 9.

Accordingly, we hold that the challenged portions of the March 25, 2022 order and the April 19, 2022 order violate the Separation of Powers Clause and are void. *See id.* at *4, 9. Consequently, the Department does not need to show the lack of an adequate appellate remedy to be granted mandamus relief. *See id.* at *9.

## CONCLUSION

We conditionally grant the Department's amended petition for writ of mandamus and direct the trial court to, no later than fifteen days from the date of this opinion, vacate the following provisions of its orders:

> Paragraph 2.3 of the March 25, 2022 order requiring the Department to 'identify and execute a child specific contract for any or all child placing agencies with therapeutic foster homes that can meet the child's needs;'

> Paragraph 3.2 of the April 19, 2022 order requiring the Department to provide 'an autism expert on site designated to be working . . . for all shifts mornings, evenings and night' while E.H. remains placed at a hotel in Victoria, Texas; and

> Paragraph 3.7 of the April 19, 2022 order requiring two Department employees, Gina Kothe-Gibson and Jennifer Gonzalez, 'to report to . . . the deputy of the 45th Judicial District Court by 9 a.m. and . . . work from 9 a.m. to 6 p.m. in the jury room each day until placement for the child is secured.'

We are confident the trial court will promptly comply; our writ will issue only if it fails to do so.[2]

Liza A. Rodriguez, Justice

---

[2] The Department's "Second Motion for Review of Further Orders and Motion to Enforce Stay" filed on April 14, 2022 is denied.