

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00087-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

Opinion by:    Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 10, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The child at the center of this case is J.D., a fifteen-year-old who has been in the managing conservatorship of the Department of Family and Protective Services (the "Department") since July 30, 2021.[2] In the underlying proceeding, the trial court signed the two orders at issue in this proceeding. After the trial court signed the first order, on February 11, 2022 (the "February 11th order"), the Department filed a motion to stay the order, which was granted, and a petition for writ of mandamus complaining of the order. After the trial court signed the second order, on March 14, 2022 (the "March 14th order"), the Department filed a Motion for Review of Further Orders

---

[1] This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D., a Child*, pending in the 150th Judicial District Court, Bexar County, Texas. The Honorable Mary Lou Alvarez signed the orders at issue in this original proceeding.

[2] The parental rights of J.D.'s parents were terminated, and the Department was named as the child's permanent managing conservator.

asking this court to review the March 14th order and, after review, void the order on the grounds that it interfered with this court's jurisdiction. We granted further review of the March 14th order. The trial court (hereinafter "the trial court" or "respondent") filed a response. We conditionally grant the petition for writ of mandamus and deny the relief requested in the Motion for Review of Further Orders.

## MANDAMUS STANDARD OF REVIEW

To be entitled to mandamus relief, the Department must show the trial court committed a clear abuse of discretion and the Department has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding) (citation omitted). A "mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). However, if the complained-of order is void, the Department does not have to show a lack of an adequate appellate remedy for mandamus relief to be appropriate. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (citation omitted).

In its petition for writ of mandamus, the Department asserts, among other arguments, the February 11th order violated the Separation of Powers Clause by interfering with the Department's duties. In its Motion for Review of Further Orders, the Department asks this court to review the March 14th order and, after review, void the order on the grounds that it interfered with this court's

jurisdiction over the February 11th order and asserts the trial court abused its discretion for the same reasons it abused its discretion by signing the February 11th order. The Department later filed a supplemental petition for writ of mandamus in support of its motion. We agree with the Department that the respondent violated the Separation of Powers Clause when she signed the February 11th order. We do not agree with the Department's argument regarding the March 14th order. We address those arguments first.

## THE MARCH 14TH ORDER

The March 14th order ordered in part as follows:

2.1 CPS is to participate in a staffing with St. PJ's to obtain a realistic daily rate, from their own perspective, to offer services for the child, as detailed in Child's Ad Litem's Exhibits #2 (attached hereto). Evidence to be provided at the next hearing;
2.2 CPS is ordered to provide all services identified in Child's Ad Litem's Exhibits #2;
2.3 CPS is ordered to provide an itemized daily cost to CPS, to provide each service listed in Child's Ad Litem's Exhibits #2 while child is in CWOP;
2.4 CPS is to provide 24-hour a-day supervision for the child;
2.5 CPS shall have a supervisor go with the child to school every day; if child needs to go to a separate room at school, then the supervisor shall go with the child;
2.6 CPS is ordered to provide an itemized list of daily cost to CPS to provide each service listed in Child's Ad Litem's Exhibits #2;
2.7 CPS is to secure weekly counseling for the child to start this week;
2.8 CPS is to facilitate daily mentoring for the child to be provided by one or more than one individuals;
2.9 For every day the child does not attend school between today and 3/15/2022, child will not be allowed to attend court hearings. Child can pay for the transcript of the missed hearings in order to be informed about the hearing; . . . .

The Department argues the March 14th order "effectively replaced" the February 11th order by creating new obligations regarding the creation of a child-specific order thereby rendering moot this court's stay of the February 11th order and "conceivably the Department's mandamus regarding the February 11th order." Relying on the Separation of Powers argument made in its petition, the Department contends the March 14th order "requires the Department to create a new child specific contract for [J.D.], imposing significant, unusual, and extensive obligations to be

included in this contract." In its petition, the Department argued the trial court violated the Separation of Powers Clause by ordering it to offer a placement contract with specific financial terms, the trial court interfered with matters committed to the Department's control, "i.e. the negotiation of contracts for the placement of the child within its conservatorship . . . ." We do not agree with the Department that the March 14th order directs the Department to enter into a child-specific contract.

The order does not direct the Department or its division, Child Protective Services ("CPS"), to either enter into a contract or state specific financial terms. Instead, decretal paragraphs 2.1, 2.3, and 2.6 merely order CPS to: (1) participate in a staffing with St. PJ's to obtain a realistic daily rate, from their own perspective, to offer services for the child, as detailed in Child's Ad Litem's Exhibits [sic] #2; (2) provide an itemized daily cost to CPS, to provide each service listed in Child's Ad Litem's Exhibits [sic] #2 while child is in CWOP; and (3) provide an itemized list of daily cost to CPS to provide each service listed in Child's Ad Litem's Exhibits [sic] #2.[3] Because we cannot speculate what, if anything, the trial court will do with this information, we must conclude the court was not improperly ordering the Department to enter into a child-specific contract. As for the remaining decretal paragraphs, CPS is ordered to provide certain services for J.D. Other than its conclusory statement that this order imposes "significant, unusual and extensive obligations," the Department provides no authoritative argument to support its contention that the trial court abused its discretion.

Because the March 14th order does not direct the Department or CPS to either enter into a child-contract or state specific financial terms, we conclude the order does not replace the February 11th order and, therefore, does not interfere with this court's jurisdiction. We also conclude the

---

[3] Inexplicably, the order directs CPS to provide the itemized costs to itself.

Department has not demonstrated the trial court abused its discretion by reaching a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or clearly failing to correctly analyze or apply the law when it signed the March 14th order.

## THE FEBRUARY 11TH ORDER

On January 21, 2022, the trial court conducted a hearing regarding J.D.'s placement. Following the hearing, the court signed the February 11th order, which ordered in part as follows:

> 2.7 In order to assist the Placement Department, the Department is ordered to draft a Child Specific Contract for $1000.00 a day and to circulate the order to Child Placing Agencies, including Trulight, Bair, Pathways, and any other Child Placing Agency identified as accepting and open to [] youth. This needs to be completed on or before Tuesday January 25, 2022.

> 2.8 On January 26, 2022 by 10AM, a copy of all contracts that were submitted on behalf of this child shall be submitted to the child's attorney ad litem and the child's guardian ad litem.

In *In re The Texas Department of Family and Protective Services*, __ S.W.3d __, No. 04-22-00040-CV, 2022 WL 1751377 (Tex. App.—San Antonio Jun. 1, 2022, orig. proceeding), we considered whether the trial court could order the Department to enter a child-specific contract for foster care at a specific daily rate. *Id.* at *7-8. In that case, we held the trial court's order violated the Separation of Powers Clause of the Texas Constitution, *id.* at *8, which was a clear failure to correctly analyze or apply the law, and which constituted an abuse of discretion, *see Walker*, 827 S.W.2d at 839-40. The same principle applies here. Decretal paragraphs 2.7 and 2.8 of the February 11th order, which require the Department to enter a child-specific contract for J.D.'s care at a specific rate, violates the Separation of Powers Clause, incorrectly analyzes or misapplies the law, and is void.

## CONCLUSION

The trial court lacked the authority—constitutional, statutory, inherent, or otherwise—to order that (1) "to draft a Child Specific Contract for $1000.00 a day and to circulate the order to

Child Placing Agencies, including Trulight, Bair, Pathways, and any other Child Placing Agency identified as accepting and open to [] youth . . . to be completed on or before Tuesday January 25, 2022," and (2) submit a copy of all contracts that were submitted on behalf of this child to the child's attorney ad litem and the child's guardian ad litem. Therefore, we hold these portions of the February 11th order are void. Accordingly, the Department does not need to show the lack of an adequate appellate remedy to be granted mandamus relief. *See The Tex. Dep't of Family and Protective Servs.*, 2022 WL 1751377, at *9.

We conditionally grant the Department's petition for writ of mandamus as to the February 11th order. We direct the trial court to, no later than fifteen days from the date of this opinion, vacate decretal paragraphs 2.7 and 2.8 of its February 11, 2022 "Progress Report Order." We are confident the trial court will promptly comply; our writ will issue only if it does not. We deny the relief requested in the Department's Motion for Review of Further Orders.

Lori I. Valenzuela, Justice