

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00094-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 10, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART, DENIED IN PART

J.E. is the twelve-year-old child at the center of this case who has been in the managing conservatorship of relator, the Department of Family and Protective Services (the "Department"), since November 19, 2020. In the underlying proceeding, the trial court signed an "Order Following Hearing Regarding Placement [for J.E.]" on January 28, 2022 (the "January 28th order"). The Department filed with this court an emergency motion to stay the January 28th order, which was granted in part, and a petition for writ of mandamus complaining of the order. The trial court and the real party in interest, J.E., filed responses in opposition to the petition. We conditionally grant the petition for writ of mandamus in part and deny it in part.

---

[1] This proceeding arises out of Cause No. 2020-PA-02332, styled *In the Interest of J.E., a Child*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

## MANDAMUS STANDARD OF REVIEW

To be entitled to mandamus relief, the Department must show the trial court committed a clear abuse of discretion and the Department has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if "'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding) (citation omitted). A "mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). However, if the complained-of order is void, the Department does not have to show a lack of an adequate appellate remedy for mandamus relief to be appropriate. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (citation omitted).

## BACKGROUND

On January 18, 2022, the trial court conducted a hearing regarding J.E.'s placement. On January 28, 2022, the trial court signed the order, which ordered in part as follows:

> 2.1. IT IS ORDERED that the Department will offer a child specific contract with a $1,000 per day offer to Trulight, Pathways, Bair Foundation, and Arrow at a minimum to locate placement for [J.E.]
>
>> 2.1.1 The offer can be circulated to additional CPAs to see who will be able to take [J.E.].
>>
>> 2.1.2 IT IS ORDERED that the Department will find a TFFC home with a maximum of one other child in the home.

> 2.1.3 IT IS ORDERED that the Department must have placement for [J.E.] no later than 12 pm on January 21, 2022.

> 2.2 IT IS ORDERED that the Department will get any and all medications to J.E. by 5 PM on January 19, 2022; these medications to include psychotropic medications, J.E.'s inhaler, and any others that have prescriptions in last 6 months.

The Department filed its petition and emergency stay motion in this court on February 16, 2022 challenging the January 28th order. This court granted the stay motion with respect to paragraphs 2.1 and its subparts and denied it with respect to paragraph 2.2.

## DISCUSSION

In its petition, the Department argues that the trial court abused its discretion in ordering the Department to pay a specified amount for J.E.'s foster care because, inter alia, the trial court violated the Separation of Powers Clause of the Texas Constitution. We agree.

In *In re The Texas Department of Family and Protective Services*, No. 04-22-00040-CV, 2022 WL 1751377 (Tex. App.—San Antonio Jun. 1, 2022, orig. proceeding), we considered whether the trial court had the authority to order the Department to enter a child-specific contract for foster care at a specific daily rate. *Id.* at *7-8. In that case, we held the trial court's order violated the Separation of Powers Clause of the Texas Constitution, *id.* at *8, by clearly failing to correctly analyze or apply the law, constituting an abuse of discretion, *see In re Ford Motor Co.*, 165 S.W.3d at 317; *Walker*, 827 S.W.2d at 839-40.

Here, the same principle applies to paragraph 2.1. Paragraph 2.1 in the January 28th order, which required the Department to enter a child-specific contract for J.E.'s care at a specific rate, violates the Separation of Powers Clause, incorrectly analyzes or misapplies the law, and is void.

With respect to paragraphs 2.1.1-2.1.3, and 2.2, we have considered the petition, the responses, and the record and conclude the Department is not entitled to the relief sought. *See* TEX. R. APP. P. 52.8(a).

**CONCLUSION**

The trial court lacked the authority—constitutional, statutory, inherent, or otherwise—to order the Department to "offer a child specific contract with a $1,000 per day offer to Trulight, Pathways, Bair Foundation, and Arrow at a minimum to locate placement for [J.E.]." Therefore, we hold that portion of the January 28th order is void. Accordingly, the Department does not need to show the lack of an adequate appellate remedy to be granted mandamus relief. *See The Tex. Dep't of Family and Protective Servs.*, 2022 WL 1751377, at *9.

We conditionally grant the Department's petition for writ of mandamus as to paragraph 2.1 and deny the petition as to all other paragraphs. *See* TEX. R. APP. P. 52.8. We direct the trial court to, no later than fifteen days from the date of this opinion, vacate paragraph 2.1 of its January 28, 2022 "Order Following Hearing Regarding Placement [for J.E.]." We are confident the trial court will promptly comply; our writ will issue only if it does not.

Luz Elena D. Chapa, Justice