

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00091-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: June 22, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The child at the center of this case is C.S., a fifteen-year-old who is in the managing conservatorship of the Department of Family and Protective Services (the "Department"). Following a February 9, 2022 hearing, the trial court signed an order entitled "Special Status Hearing Order" (the "February 9 order").[2] This order concerned C.S.'s placement and required the Department to "refer or send a letter of intent to enter a child specific contract, with a $500.00 (five hundred and 00/100 dollars) daily rate, to a minimum of 6 child placing agencies by close of business on February 11, 2022" and to "provide the child's attorney ad litem and the mother's attorney ad litem evidence of compliance." The Department filed a motion to stay the February 9

---

[1] This proceeding arises out of Cause No. 2021-PA-02064, styled *In the Interest of C.S., a Child*, pending in the 285th Judicial District Court, Bexar County, Texas. The Honorable Mary Lou Alvarez signed the order at issue in this proceeding.
[2] The trial court signed the order on February 10, 2022.

order, which we granted in part, and a petition for writ of mandamus complaining of the order. The trial court (hereinafter "the trial court" or "respondent") and the child's attorney ad litem filed responses. We conditionally grant the petition for writ of mandamus.

### MANDAMUS STANDARD OF REVIEW

To be entitled to mandamus relief, the Department must show the trial court committed a clear abuse of discretion and the Department has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law" or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839, 840 (Tex. 1992) (citation omitted). A "mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006). However, if the complained-of order is void, the Department does not have to show a lack of an adequate appellate remedy for mandamus relief to be appropriate. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). "A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (citation omitted).

### DISCUSSION

In light of our holding in *In re Texas Department of Family and Protective Services*, No. 04-22-00040-CV, 2022 WL 1751377 (Tex. App.—San Antonio June 1, 2022, no pet. h.) — in which we held the trial court violated the Separation of Powers Clause of the Texas Constitution when it usurped the legislatively vested authority of the Department to enter into child-specific contracts at legislatively determined rates — we hold the trial court lacked the authority to issue

the February 9 order in the underlying proceeding. Specifically, the trial court lacked the authority—constitutional, statutory, inherent, or otherwise—to require the Department to "refer or send a letter of intent to enter a child specific contract, with a $500.00 (five hundred and 00/100 dollars) daily rate, to a minimum of 6 child placing agencies by close of business on February 11, 2022" and to "provide the child's attorney ad litem and the mother's attorney ad litem evidence of compliance." *See id.* at *9. We hold the above portions of the February 9 order are void. Consequently, the Department does not need to show the lack of an adequate appellate remedy to be granted mandamus relief. *See id.*

We conditionally grant the petition for writ of mandamus and direct the trial court to, no later than fifteen days from the date of this opinion, vacate the following decretal paragraphs in its "Special Status Hearing Order" rendered on February 9, 2022 and signed on February 10, 2022:

> 3.11. The Department will refer or send a letter of intent to enter a child specific contract, with a $500.00 (five hundred and 00/100 dollars) daily rate, to a minimum of 6 child placing agencies by close of business on February 11, 2022.
>
> 3.12 The Department will provide the child's attorney ad litem and the mother's attorney ad litem evidence of compliance with 3.1.1., above, by close of business on February 11, 2022.

Rebeca C. Martinez, Chief Justice